### C. A. BROWN ET AL. V. NANCY E. BRYANT ET AL.

Delivered December 11, 1897.

1. **Rule in Shelley's Case—Application.**

The widow and children take estates in fee simple by virtue of the rule in Shelley's Case, under a will which purports to limit their devises to their natural lives and directs that after their death the property shall go in fee simple to their heirs.

2. **Same—Intention of Testator—Effect.**

The rule in Shelley's Case is one of law and not of construction or intention, and it can not be controlled even by the express intention of the testator that it shall not apply, if it is applicable to the language of the will.

APPEAL from Fannin. Tried below before Hon. E. D. McCLELLAN.

*Richard B. Semple,* for appellants.

No brief for appellees reached the Reporter.

TARLTON, CHIEF JUSTICE.—The duly probated will of Laban Bryant, deceased, contains the following clauses which give rise to the questions presented in this appeal:

"Item 3. I give and bequeath to my beloved wife, Nancy E. Bryant, one-fifth of the entire estate, both real and personal, which I own and shall be seized of at my death.

"Item 4. I give and bequeath to my son C. L. Bryant one-fifth of all the estate, both real and personal, of which I may be seized and possessed at my death.

"Item 5. I give and bequeath and devise to my son J. W. Bryant one-fifth of all the estate, both real and personal, which I may own and be seized of at my death.

"Item 6. I give, bequeath, and devise to my daughter Martha Jane Bryant one-fifth of all the estate, both real and personal, which I may own and be seized of at my death.

"Item 7. I give, bequeath, and devise to my daughter Bettie Brown one-fifth of all the estate, both real and personal, which I own and may be seized of at my death.

"Item 8. It is my express will that the lands bequeathed herein to my said wife and children is limited to them and each of them during their natural lives, to be used and controlled by them free from all rents, and after their death to go to and be the property in fee simple of their heirs."

*Conclusions of Law.*—His honor construed this will to devise to the widow and children a life estate only in the lands, holding that at their death these lands should become the absolute property in fee simple of the persons who shall be heirs at law of these devisees at their death. The sole question for our decision is whether this construction is correct, it being insisted by appellants that a proper interpretation of the will, by virtue of the rule in Shelley's Case, requires that the instrument be construed as passing a title in fee simple to the widow and children named in the bequests.

We think the contention of the appellants well founded. The doctrine at common law, first authoritatively announced in Shelley's Case, is, "that if an estate for life or any other particular estate of freehold be given to one, with a remainder to his heirs, the first taker shall be held to have the fee, and the heirs will take by descent and not by purchase." Tied. on Real Prop., sec. 433.

In January, 1840, the common law, as far as consistent with the Constitution and laws of this State, was adopted as the rule of decision. Hence the rule in Shelley's Case, which obtains at common law, must be regarded as the rule of property and of public policy to be applied in the construction of wills in Texas, as much so as if it had been specifically thus adopted by legislative enactment. Hence, also, the word "heirs," as used in the bequests under consideration, must be regarded as a word of limitation and not of purchase, and we are constrained to hold that the will passed the absolute fee to this property to the widow and children named, and not merely an estate for life, as held in the court below.

We content ourselves with stating this conclusion, without elaboration, and with the citation of the following authorities, which we think sustain the conclusion: Tied. on Real Prop., secs. 433, 434; 2 Washb. on Real Prop., star page 273; Hancock v. Butler, 21 Texas, 804; Hawkins v. Lee, 22 Texas, 547; O'Brien v. Hilburn, Id., 624; Roberts v. Burchard, 34 Texas, 452; Polk v. Faris, 9 Yerg. (Tenn.), 209; Doebler's Appeal, 64 Pa. St., 9, quoted in 22 Am. and Eng. Encyc. of Law, 498, 499.

As these authorities hold that the rule in question is one of law, and not of construction or intention, the testimony of the witness Gross— to the effect that he wrote the will of Laban Bryant, deceased; that Laban

Bryant stated to him that, as some of his children had not done well, and were in debt, he wanted to fix his will so that his creditors could not touch the property willed to them, and so that it would go to their heirs at their death; and that at the express request of said Bryant the will was drawn giving the devisees only a life estate in the lands therein devised—was immaterial. The language of the bequests bringing them within the rule, even the express intention of the testator that it should not apply will not preclude its operation.

We order that the judgment be reversed and here rendered in accordance with this conclusion.

*Reversed and rendered.*

Writ of error refused.