CRIST v. MORGAN et al. (No. 1062.)

(Court of Civil Appeals of Texas. El Paso. Feb. 19, 1920. Rehearing Denied March 18, 1920.)

WILLS &#x29F8;608(3)—ESTATE IN FEE VESTED IN FIRST TAKER UNDER RULE IN SHELLEY'S CASE.

Devise to C. in terms for life, with remainder in fee at his death to his "heirs" or his "heirs at law," vests in him the fee, under the rule in Shelley's Case; there being nothing manifesting intention to use the technical words in the sense of child or children.

Error from District Court, Limestone County; A. M. Blackmon, Judge.

Action by Grace Crist against John Morgan and others. Judgment for defendants, and plaintiff brings error. Affirmed.

Gano & Gano and H. C. Jarrel, all of Dallas, for plaintiff in error.

Sleeper, Boynton & Kendall and Alva Bryan, all of Waco, C. S. Bradley, of Groesbeck, and H. C. Bishop, of Hubbard, for defendants in error.

HIGGINS, J. Plaintiff in error brought this suit in trespass to try title claiming title to the land in controversy under the will of Daniel Crist, deceased.

On January 15, 1898, Daniel Crist made his will as follows:

"First: Provides for the payment of his debts. "Second: I give devise and bequeath to Theodocia Littlefield, Reasan S. Stovall, Roda Dyer, Stephen Stovall, George W. Stovall, James G. Stovall, Mary Jane Wallace, E. Riley Starnado ; Isaac Crist, Stephen Crist, Sr., Mary McClellan and the children of Anna Dellis, deceased, all the personal property of which I shall die possessed, in equal portions, the children of Anna Dellis, deceased, shall take one equal portion and all the other legatees named shall take an equal portion.

"Third: I give, devise and bequeath to Theodocia Littlefield, Reasan S. Stovall, Roda Agnes Dyer, Stephen Stovall, George W. Stovall, James G. Stovall, Mary Jane Wallace, E. Riley Starnado, Isaac Crist, Stephen Crist, Sr., Mary McClellan and the children of Annie Dellis, deceased, all the real estate of which I may die possessed in equal portions, to each of the said devisees except the children of Annie Dellis, deceased, for life with remainder thereof in fee on the decease of each, to his or her heirs at law. The said children of Anna Dellis shall per stirpes take an equal portion of said real estate, in fee simple, without remainder to any one, but the other legatees named shall per capita take only a life estate in an equal portion to each with remainder in fee at their decease to their heirs."

Subsequent provisions of the will have no bearing upon the question presented.

The testator never had any children. His wife died before he did. Stephen Crist, Sr., and the other beneficiaries named in the will, except the children of Anna Dellis, deceased, were nephews and nieces of the testator, and each of them had children prior to and at the time the will was made. The testator was the great-uncle of plaintiff in error and of the Dellis children. Plaintiff in error was living at the date the will was made. Stephen Crist, Sr., was her father, and subsequent to the probate ·of the will conveyed to John Morgan, defendant in error, the 140 acres of land which in partition were set aside to him 'under the third section 'of the will. Thereafter Stephen Crist, Sr., died, and the plaintiff in error is his sole heir. Thereafter she brought this suit, claiming that under the will her father acquired only a life estate and upon his death the fee-simple title vested in her. From an adverse judgment in the court below Grace Crist prosecutes this writ of error.

Opinion.

The sole question presented is whether Stephen Crist, Sr., acquired the fee-simple title to the land under the rule in Shelley's Case.

The contention of the plaintiff in error is thus stated in her brief:

---

"The words 'their heirs' as used in the will of Daniel Crist are not words of limitation; the intention of the said Daniel Crist, as shown by the terms of said will, was to give to Stephen Crist, Sr., only a life estate, and subject to the life interest to vest in the children or heirs of said Stephen Crist at his death a fee-simple interest in the estate. The rule in Shelley's Case does not apply to the language and intention of Daniel Crist as expressed in the said will, and the estate vested in Stephen Crist by the terms of the will was only a life estate, and not a fee-simple estate in the said land so devised. The rule of law is to the effect that in case of conflict of intention the prevailing intention of the testator shall govern. There should be a construction of the word 'heirs' to ascertain the intention of the testator in the use of said word, and if it appears from the construction of the entire instrument that the word 'heirs' was used to designate children, or that it was the intention of the testator only to give a life estate to a designated person and that his specific heirs at the time of his death should take in fee, the will should be so construed, and made to harmonize with such intention of the testator."

The rule in Shelley's Case is not one of construction, but a law of property. It is not designed to give meaning to words, but to fix the nature and quality of the estate. King v. Beck, 15 Ohio, 559, and other cases cited in note 29 L. R. A. (N. S.) 1040.

In Hancock v. Butler, 21 Tex. 804, after quoting Chancellor Kent's definition of the rule, Judge Roberts said:

"This result would follow, although the deed might express that the first taker would have a life estate only. It is founded on the use of the technical words, 'heirs,' or 'heirs of his body,' in the deed or the will. The rule in Shelley's Case is said to be a rule of law. It is really an organic rule, entering into the creation of the estate of inheritance."

As stated by Judge Brown in Simonton v. White, 93 Tex. 56, 53 S. W. 340, 77 Am. St. Rep. 824:

"Under the rule in Shelley's Case, the words 'give and convey unto the said Ava Anna Simonton and her bodily heirs,' if not qualified, would vest in Mrs. Simonton an estate in fee simple, not because the grantor intended to convey to her such estate, but because the law gives, to the language that effect. Taylor v. Cleary, 29 Gratt. [Va.] 451. However, that rule does not preclude a construction of the words 'bodily heirs' so as to ascertain the grantor's intention, but the well-established doctrine is, if it appears from the instrument that Gentry used the words 'bodily heirs' to designate children of Mrs. Simonton, effect will be given to that intention and the estate conferred upon her will be limited to her life with remainder in fee to the children thus pointed out. Doe v. Laming, 2 Burroughs, 1100; Taylor v. Cleary, 29 Gratt. [Va.] 448; May v. Ritchie, 65 Ala. 602."

In this connection see, also, Hunting v. Jones, 215 S. W. 959, by the Commission of Appeals.

Unless qualified and limited by some other provision of the will the third section thereof vested in Stephen Crist, Sr., a fee-simple title to the land by operation of the rule. This results from the use of the technical words "heirs at law" and "heirs." There is no word, phrase, or provision in the will which would furnish any ground for assuming that the testator used the technical words in the sense of child or children of his living nephews or nieces. There is nothing in the will to indicate that he had such children in mind. In this connection it is signficant that in referring to the heirs of his deceased niece, Anna Dellis, he designates them as children. He does not designate them as her "heirs at law" or "heirs."

In the absence of a contrary intention clearly manifested upon a consideration of the entire will, it must be presumed that the testator used the words "heirs at law" and "heirs" in a technical sense. Standing alone and unexplained, as they do, they embrace all lawful heirs, and cannot be construed as having been used by the testator in the limited sense or as a designation of the children of his nephews and nieces. To so construe them would be contrary to and a virtual abrogation of the rule.

We therefore hold that the rule in Shelley's Case applies and vests fee-simple title to the land in controversy in Stephen Crist, Sr.

This conclusion is supported by Brown v. Bryant, 17 Tex. Civ. App. 454, 44 S. W. 399, which seems to be directly in point and in which a writ of error was denied.

Affirmed.