## BERGFELD v. BUER et al. (No. 10327.)

Court of Civil Appeals of Texas. Dallas.
June 23, 1928.

Rehearing Denied July 21, 1928.

Deeds ⟶128—Grantees in deed conveying property to them for natural lives and then to "heirs of their body" took fee-simple title.

Grantees under deed conveying property to grantees for their natural lives and then to the heirs of their body *held* to take an estate in fee simple, since the words "heirs of their body," as used in deed, indicate all those persons who succeed to estate conveyed from generation to generation, unless there are modifying words clearly indicating intention to qualify technical meaning, so as to limit such meaning to, include only individuals entitled on death of grantees to succeed to estate.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Heirs of the Body.]

Appeal from District Court, Dallas County; Towne Young, Judge.

Suit by Mamie J. Buer and others against R. Bergfeld, wherein defendant filed a cross-action. Judgment for plaintiffs, and defendant appeals. Affirmed.

Butler, Price & Maynor, of Tyler, and Holland, Bartlett, Thornton & Chilton, of Dallas, for appellant.

John F. Murphy, of Dallas, for appellees.

JONES, C. J. In a suit in a district court of Dallas county, appellees, Mamie J. Buer, Annie C. (Buer) Love, and David W. Love, were awarded a judgment against appellant, R. Bergfeld, decreeing specific performance of a written contract between the parties for the sale and purchase of an improved lot in the city of Dallas. The necessary facts are as follows:

Appellees Mamie J. Buer and Mrs. Annie C. Love are sisters; David W. Love being the husband of the latter and a pro forma party

to this suit. The sisters, referred to hereafter as appellees, were the daughters of P. W. Buer and Mary Buer, and on the 11th day of June, 1900, Mrs. Mary Buer purchased the lot of land in question. On the 23d day of December, 1903, P. W. Buer and wife, Mary Buer, by general warranty deed, conveyed this lot to their daughters, Mamie J. Buer and Annie C. Buer; the deed reciting a consideration of $10 paid and the love and affection they bore towards their said children. This deed was placed of record in the deed records of Dallas county, Texas. The granting clause declares that the conveyance is made "during their [appellees'] natural lives, and then to the heirs of their body." The habendum clause is:

"To have and to hold all and singular the said premises unto the said Mamie J. Buer and Annie C. Buer, during their natural lives, and then to the heirs of their body."

This deed also contains a stipulation to the effect that the grantors shall be and remain in the quiet and peaceable possession of the land conveyed, and are to have and enjoy all the rents and profits which may arise therefrom, during their natural lives, or during the life of both or either of them, and that at their death the said property should pass immediately into the possession of the said Mamie J. Buer and Annie C. Buer, "in accordance with the stipulations and terms of this deed." P. W. Buer died intestate in the city of Dallas on the 17th day of August, 1910. Mrs. Mary Buer died intestate in the city of Dallas on the 17th day of July, 1920. At the death of each, there were surviving the two daughters, who are appellees herein, Charles E. Buer, now deceased, and George H. Buer, each of whom is over the age of 21 years. Mamie J. Buer has never married. In 1906 Annie C. Buer married, David W. Love, and there have been born to this marriage five children, who are living and are minors. On the death of Mary Buer in 1920, the grantees in the said deed entered into possession of the property conveyed, and have been in possession of same ever since, paying taxes thereon and collecting the rentals. The property is free and clear of any lien.

The written contract, forming the basis of this suit, was entered into between appellees Mamie J. Buer and Annie C. Love, joined by her husband. Under this contract, appellant bound himself to pay the sum of $50,000 for the property, $20,000 to be paid in cash, and the remainder to be paid in one, two, and three years; the deferred payments to be evidenced by three vendor's lien notes to be duly executed by appellant. Appellees bound themselves to sell said property, to appellant for said price and on said terms, and to furnish an abstract of title showing a good and marketable title in them. There were stipulations in reference to the time in which both

purchaser and sellers were to act, and in reference to curing objections that might be made to the title. The conveyance is to be by general warranty deed. Appellant was to, and did, deposit with the agent who secured the execution of the contract the sum of $1,000, to be used as a part of the cash payment, provided appellees performed their obligations under the contract. If they failed to furnish a good, marketable title to the land, this $1,000 was to be returned to appellant.

Appellant declined to accept the title to the land, for the reason that, under his construction of the deed, appellees do not own the land in fee-simple title, but only own a life estate therein. Appellees, on the other hand, contend that the deed conveyed to them a fee-simple title, and, there being no other objection to the title, they are entitled to full performance of the contract, and executed and tendered to appellant a general warranty deed, which he declined to accept.

The petition in the suit for specific performance alleges the necessary facts to warrant a court in granting such relief. Appellant defends on the ground stated in his objection to the title, and filed a cross-action for the recovery of the $1,000 deposit. The case was tried before the court, and judgment rendered as stated above. The question for decision is: Did the deed from P. W. Buer and wife to appellees vest in them only a life estate in the said property, or did it vest in them a fee-simple title by operation of the rule in Shelley's Case? The words "heirs of their body," as used in this deed, indicate all those persons who succeed to the estate conveyed, from generation to generation, unless there are modifying words in the deed, clearly indicating the intention of the grantor to qualify the technical meaning of these words, so as to limit such meaning to include only the individuals who are, upon the death of the grantees, to succeed to the estate and in turn to become themselves the source of future descent.

Without such modifying language in the deed, the rule in Shelley's Case applies to this conveyance, with the result that, although the deed in question expresses that appellees shall have a life estate only, they are given an estate in fee-simple title. Hancock v. Butler, 21 Tex. 804; Seay v. Cockrell, 102 Tex. 280, 115 S. W. 1160; Lacey v. Floyd, 99 Tex. 112, 87 S. W. 665; Simonton v. White, 93 Tex. 50, 53 S. W. 399, 77 Am. St. Rep. 824; Peters v. Rice et al. (Tex. Civ. App.) 157 S. W. 1181; Scott et al. v. Brin, 48 Tex. Civ. App. 500, 107 S. W. 565. The latter two cases are from this court, but in each the Supreme Court denied a writ of error.

At the time of the execution of this deed, neither of the grantees was married, and there is no provision or language in the deed limiting or in any way qualifying the words

"heirs of their body" in the sense required, or showing in any manner that they were used otherwise than in their technical sense. The words "during their natural lives, and then to the heirs of their body," have no such effect. Lacey v. Floyd, supra; Scott et al. v. Brin, supra. Under the rule of law announced by the cases above cited, the conclusion is inevitable that, while P. W. Buer and wife intended to convey only a life estate in the land to appellees, with remainder over to the whole line of the latter's inheritable succession, nevertheless, under the rule in Shelley's Case, they conveyed to appellees a fee-simple title to the land. It therefore follows that the trial court rendered the proper judgment, and that it should be affirmed.

Affirmed.