## HUMBLE OIL & REFINING CO. et al. v. WEBB et al.
### No. 6078.

Court of Civil Appeals of Texas. Texarkana.

Nov. 25, 1943.

Rehearing Denied Jan. 6, 1944.

Jones & Jones, of Mineola, Nelson Jones, of Houston, Conan Cantwell, of Dallas, Campbell, Durno, Gordon & Strong and Ed R. Campbell, all of Houston, T. J. Ramey, of Sulphur Springs, Turner, Rodgers & Winn and George S. Terry, all of Dallas and E. E. Townes and R. E. Seagler, both of Houston, for appellants.

J. V. Fleming, of Tyler, Suiter & Suiter, of Winnsboro, and W. H. Barnes, of Terrell, for appellees.

WILLIAMS, Justice.

In this trespass to try title action appellees, the plaintiffs below, being J. V. Fleming and the children of L. F. (Louis) Webb, recovered an 83-acre tract of land situated in the Hawkins oil field, Wood County. Appellants, the defendants below, hold under warranty deeds from L. F. Webb and his assigns, and legal record title rests in the appellants, unless the next herein described deed is a forgery.

An instrument dated January 2, 1913, filed for record January 4, 1922, and recorded in Vol. 75, p. 12, Wood County Deed Records, which purports to be a deed of conveyance of above tract unto L. F. Webb, and which purports to have been executed and duly acknowledged by B. F. (Ben) Webb and wife, Mattie, the parents of L. F. Webb, appears to be regular in form and contains the following clauses pertinent to the inquiry here, namely:

"Know All Men By These Presents:

"That we, B. F. Webb and Mattie Webb, wife of the said B. F. Webb, for and in consideration of the sum of $900 to us in cash in hand paid L. F. Webb the receipt of which is hereby acknowledged, have this day bargain, granted, sold and conveyed unto the said L. F. Webb, his heirs and assigns forever the following described lands: (Here follows description by metes and bounds of the land here in controversy).

"To have and to hold unto him the said L. F. Webb together with all and singular the rights, members, hereditaments, and improvements to the same belonging or in

any wise incident or appertaining thereto, to have and to hold all and singular the premises above mentioned unto the said L. F. Webb, his heirs and assigns forever and I do hereby bind myself my heirs and legal representatives to forever warrant to defend all and singular the title to the above mentioned premises unto the said L. F. Webb, heirs and assigns against every person or persons whomsoever lawfully claiming or to claim the same or any part thereof."

The ground relied upon by appellees for recovery of above land was their contention that B. F. Webb and wife conveyed only a life estate to L. F. Webb, with remainder to appellees by virtue of the terms of two allegedly unrecorded lost deeds, allegedly executed by B. F. Webb and wife to L. F. Webb. Appellees further pleaded the recordation of the deed above set out and alleged that instrument to be "either forged or altered." Appellees pleaded specially their title. With respect to the content of the two alleged unrecorded lost instruments appellees pleaded:

"That said writing referred to in this paragraph was *an unrecorded deed* to said land, claimed in plaintiffs' petition and duly executed by B. F. Webb and wife, Mattie E. Webb, dated about 1896 to L. F. Webb and Fannie Webb, his wife, *whereby an estate for life only was vested in L. F. and Fannie Webb and the fee title or remainder was to vest in all of the bodily heirs of said L. F. Webb upon his death,* which deed for a valuable consideration was delivered into the possession of L. F. Webb, the father or husband of the plaintiffs herein, and which deed has been lost or destroyed. * *

"That sometime subsequent to the year 1905, notwithstanding the foregoing conveyance and in lieu of such lost or destroyed deed, the said L. F. Webb, after he had married plaintiff Maudie Webb, at a date plaintiffs are not able to allege, induced his father and mother to execute *another deed in writing to the property described in plaintiffs' petition and by which deed a life estate in said land was conveyed to L. F. Webb, upon his death the remainder over to all of the bodily heirs of the said L. F. Webb.* That said deed, after being duly executed, was delivered to said L. F. Webb, and that said deed was lost or destroyed or mutulated or altered sometime subsequent to the death of Mattie E. Webb in 1921. That plaintiffs who are the heirs of the said L. F. Webb had no knowledge

of the execution of said deed at said time, and that they remained in possession of said land, together with their father, who only held a life estate therein, claiming said land and they now claim said land under said B. F. Webb and Mattie E. Webb, and their title by limitation." (All italics ours).

In addition to the usual defensive pleadings in trespass to try title, defendants pleaded the 5, 10 and 25-year statutes of limitation. They further alleged that appellees were estopped by the judgment entered in Holley v. Mucher, Tex.Civ.App., 165 S.W.2d 1015, to dispute defendants' title; and that appellees were estopped to assume a position inconsistent with the one successfully maintained by them in the Holley case.

In response to special issues (Nos. 1 to 2-A, inc.) the jury found that: "On or about the year 1897, B. F. Webb and wife, Mattie, executed and delivered to L. F. Webb a deed conveying the tract involved to L. F. Webb for his lifetime and after his death to his children who should survive him"; that "on or about January 2, 1913, B. F. Webb and wife executed and delivered a deed (either as a replacement or as an original deed) conveying the land involved to L. F. Webb for his lifetime and. after his death to his children who should survive him." The jury further found that "the instrument offered in evidence by defendants dated January 2, 1913, and recorded in Vol. 75, p. 12 is a forgery"; that B. F. Webb and wife did not execute the original of the instrument "in the form and wording shown in said records." In response to special issues 4 and 5 the jury sustained appellants' claim under the 5 and 10-year statutes of limitation.

Judgment was entered for appellees non obstante veredicto as to issues 4 and 5 on the theory as expressed in the judgment that the jury having found in respect to the other issues that only a life estate had vested in L. F. Webb, limitation could not begin to run against appellees until the death of L. F. Webb which occurred November 17, 1940.

Under appellants' second and third points they assert that the court erred in permitting appellees to recover by assuming a position entirely inconsistent with the position appellees maintained successfully in Holley v. Mucher, supra; and in failing to sustain appellants' plea of estoppel by judgment rendered in said cause.

All the plaintiffs in the instant suit were parties to the Holley v. Mucher suit. Many of the defendants in the instant suit were defendants in that suit. The pleadings and evidence in that suit, tendered in evidence here under appellants' pleas in estoppel, developed that B. F. Webb and wife, during their coverture, acquired as community property, three tracts of land in Wood County, namely, a 105-acre tract known as the homeplace; an 83-acre tract known as the Anderson farm; and another 83-acre tract known as the Crow farm, here in controversy. B. F. Webb died testate in February 1934. Mattie, his wife, died intestate in September, 1921. They left two children, L. F. Webb and Mollie Holley. L. F. Webb died intestate in 1940, prior to the institution of the Holley suit. The heirs of Mollie Holley, plaintiffs in the Holley suit, named as defendants various holders of mineral interests under the homeplace and all the children of L. F. Webb, except the widow and a minor son. The latter two intervened in that suit. The Holley heirs sued to recover as heirs of their mother an undivided ¼ interest in the homeplace, for damages, and for all costs of suit. B. F. Webb previously had conveyed off ½ the minerals, and by his will, duly probated, had bequeathed to Donie Jennings and Clarence Webb all the remainder of the homeplace. The latter two prior to the Holley suit had conveyed off ¼ of the minerals under the homeplace to one R. B. Smith, and L. F. Webb had conveyed to F. P. Ponder any interest in that tract which he might have owned.

The trial pleading filed by Donie Jennings, Clarence Webb and J. V. Fleming in answer to the trespass to try title action of the Holley heirs reads:

"That in addition to said lands as described (the 105-acre tract) in plaintiffs' petition, B. F. Webb and wife, Martha Elizabeth Webb (Mattie), acquired two other tracts of land located in Wood County, Texas, approximately 83⅓ acres each. That prior to the death of the said B. F. Webb and wife * * * they and their children, Mollie E. Holley and L. F. Webb, entered into a valid partition agreement, partitioning the lands then owned by B. F. Webb and wife * * * consisting of said three tracts of land, and the said children of Mollie E. Holley and L. F. Webb secured their expectant interest in the estate which they would inherit from the first deceased parent in community, and

such settlement and partition was made in anticipation of the death of one of the parents, and that the lands retained, to-wit, the 105-acre tract in plaintiffs' petition sued for, by the said B. F. Webb and wife * * * was to go and pass to the survivor of the community estate of the said B. F. Webb and wife * * * to the exclusion of said children. Pursuant to said agreement, Mollie E. Holley and L. F. Webb, being the two only children of the said B. F. Webb and wife, * * * each agreed to and did receive the possession of a tract of land of approximately 83⅓ acres each, and that said 105.9 acres were retained by the said B. F. Webb and wife * * * as their homestead, and the same was to belong to the survivor of said marriage as aforesaid, and these defendants say that such possession was delivered to the said Mollie E. Holley and L. F. Webb on or about the year 1905, and was accepted by them in full as their expectant interest in the estate of the parent who should die first.

"In the alternative, cross-plaintiffs further allege that said plaintiffs, as heirs of Mollie E. Holley, received a tract of 83⅓ acres of land, after the death of Martha Elizabeth Webb, from her surviving husband B. F. Webb and L. F. Webb, and that a deed therefor was executed by said parties, B. F. Webb and L. F. Webb to the heirs of Mollie E. Holley, and was accepted by them in full of the interest of their mother, Mollie E. Holley, in the community estate of said B. F. Webb and his deceased wife. That for said deed no consideration was paid or received, and that the whole consideration was love and affections and for the purpose of affecting a partition. That said partition was fair, just and equitable, and was made on or about 1921 or 1922, and has been ever since that time fully recognized and acquiesced in by the said heirs of Mollie E. Holley, until the discovery of oil at and near the said tract of 105.9 acres."

The other children of L. F. Webb, jointly filed a pleading which was termed an original answer and plea of intervention and in which they set up a cross-action. In this cross-action they attacked, on the grounds of insanity, the conveyances made by B. F. Webb and wife, the will executed by B. F. Webb, and the conveyances executed by L. F. Webb, their father. Many other defendants, holders of mineral rights, filed cross-actions. The matters set up in

above cross-actions were either dismissed or severed out per the terms of the judgment entered in the Holley suit.

In the Holley trial there was introduced on behalf "of the defendants Webb and Jennings, and the other defendants unless objected to, for the limited purpose of showing a division of the community estate and also for the purpose of showing the allegations and the issues raised by the pleadings on behalf of the defendants Donie Jennings and Clarence Webb"; (1) The above-described deed dated January 2, 1913, from B. F. Webb and wife to L. F. Webb, which is attacked in the instant trial by them as a forgery; (2) an affidavit theretofore executed by L. F. Webb in which he stated that about 1914 he and Mollie Holley entered into a partition agreement with B. F. Webb and wife, under which affiant acquired title to the Crow tract, Mrs. Holley acquired title to the Anderson tract, and B. F. Webb and wife retained title to the homeplace, and that both affiant and Mrs. Holley relinquished all their respective interest in the homeplace; (3) a paragraph from the will of B. F. Webb which reads: "First, that all my property, Real estate and personal, shall be given to Donie Webb and Clarence Webb and that the said Donie Webb and Clarence Webb shall pay to L. F. Webb, $5.00 and the heirs of Mrs. Mollie Holley $5.00, as the said L. F. Webb and Mrs. Mollie Holley have already received their part of the community property;" (4) a replacement deed executed in May 1928 by B. F. and L. F. Webb and delivered to the Holley heirs which described the Anderson place (this instrument being set out in 165 S.W.2d on pages 1016, 1017 of the reported case of Holley v. Mucher, supra).

The witnesses introduced by the appellees in the Holley trial included W. T. Crow, who in 1921 bought from L. F. Webb and wife and received a deed which purported to convey the Crow tract in fee simple with general warranty of title; and Donie Jennings one of the litigants in both suits. The testimony of these witnesses, together with others not necessary to name, was to the effect that partition had been had between L. F. Webb, Mollie Holley and their parents, that the two 82-acre tracts had been conveyed to Mollie and L. F. in consideration of the children's relinquishment of their expectant interest in the homeplace.

In response to special issues the jury found in the Holley trial: (1) that at the time of delivery of possession of the Anderson tract to Mollie Holley, it was agreed by and between Mollie and her parents that she would accept the Anderson tract in full settlement of her expectant interest in the community estate of her parents; (2) that after the death of Mattie Webb, Mollie agreed in writing with B. F. Webb that the tract so delivered to her on or about 1914 should be her full share in the community estate of her parents; and (3) that the heirs of Mollie who were the grantees named in the deed, dated May 12, 1928, from B. F. Webb et al. and which described the Anderson tract, accepted at that time such conveyance in satisfaction of their interest in the community estate of B. F. and Mattie Webb. The judgment entered decreed "that the plaintiffs (Holleys) take nothing by their suit against the defendants, or either of them, and that all relief prayed for by the plaintiffs, be and the same is hereby denied; that all costs be taxed against the plaintiffs." This court affirmed the judgment so entered. The Supreme Court refused a petition for writ of error for want of merit.

In the appeal to this court by the Holley heirs from above judgment, appellees in their brief asserted as their first counter point that "The agreement between Mr. and Mrs. B. F. Webb on the one hand, and their two children, Mrs. Holley and L. F. Webb, on the other, in partition of the community estate, whereby the expectancy of the children as heirs of the first deceased of their parents was awarded to the survivor of such parents, in consideration of lands awarded to the children, was a valid agreement and enforceable in equity."

In their reply brief to the Holley heirs' petition for writ of error, appellees represented to the Supreme Court that "The Court of Civil Appeals correctly stated the nature and result of the suit. The detailed findings of fact of the Court of Civil Appeals are correct."

In State of Oklahoma v. State of Texas, 256 U.S. 70, 41 S.Ct. 420, 422, 65 L.Ed. 831, 834, quoted with approval in Davis v. First National Bank, 139 Tex. 36, 161 S. W.2d 467, 471, it is stated: "A question of fact or of law distinctly put in issue and directly determined by a court of competent jurisdiction as a ground of recovery or defense in a suit or action between the parties sui juris is conclusively settled by the final judgment or decree therein so that it cannot be further litigated in a subse-

quent suit between the same parties or their privies whether the second suit be for the same or a different cause of action." In James v. James, 81 Tex. 373, 16 S.W. 1087, 1089, it is stated: "It is a general rule, having its foundation in sound reason, that the former judgment or litigation relied on as having adjudicated the matter, and as a bar to further proceedings, should have involved and determined the same vital issue, or that such issue, or question, should have been fairly within the scope of the pleadings."

It is apparent from the pleading in the Holley suit, above set out, and from the enumerated instruments and summary of the evidence introduced in support thereof, that the vital issue in the Holley suit was whether B. F. Webb and wife had entered into a valid, binding partition agreement with their two children under which each child had received an 83-acre tract in lieu of the expectant interest each child had in the community estate of the parents. The partition so pleaded and proved involved all the community lands of the parents. The defensive pleading in the Holley suit expressly and distinctly urged as a defense that a valid, binding partition of the community estate of B. F. Webb and wife had been entered into by these parents with L. F. Webb and Mollie. An essential part of the partition so pleaded was the conveyance to L. F. Webb of the Crow tract by his parents and the acceptance by L. F. Webb of said tract in lieu of his expectant interest in the community estate of his parents. Appellees in the Holley suit introduced this conveyance of the Crow tract in support of such defense. This defense that such a valid partition had been consummated defeated a recovery by the Holley heirs. In the appeal from that judgment, appellees in their counter brief reiterated, as above set out, that a partition had been consummated between the parties and the two children. The judgment there rendered necessarily included a determination of such issue in favor of appellees. From observations above made, we conclude that the judgment entered in the Holley suit creates an estoppel by judgment to the present suit. Hanrick v. Gurley, 93 Tex. 458, 56 S.W. 330; Houston Terminal Land Co. v. Westergreen, 119 Tex. 204, 27 S.W.2d 526; Rio Bravo Oil Co. v. Hebert, 130 Tex. 1, 106 S.W.2d 242; Tompkins v. Hooker, Tex.Civ.App., 200 S.W. 193; Landa v. Isern, Tex.Sup., 174

S.W.2d 310; State v. Ohio Oil Co., Tex. Civ.App., 173 S.W.2d 470; 30 Am.Jur. (Judgments) Secs. 178, 183; 34 Cor.Jur. 923, Sec. 1331.

In support of their position that an estoppel by judgment is not applicable under this record, appellees cite: Vaughn v. Continental Royalty Co., 5 Cir., 116 F.2d 72; James v. James, supra; Cromwell v. Sac County, 94 U.S. 351, 24 L.Ed. 195; Philipowski v. Spencer, 63 Tex. 604; Hartman v. Chumly, Tex.Civ.App., 266 S.W. 444; Lane v. Kuehn, 106 Tex. 440, 167 S.W. 804, 807. These cases reiterate the same rule of law as hereinabove set out, but turned upon the application of the rule to the facts of each case.

The Holley judgment contained a clause reading: "It is further ordered, adjudged, and decreed that all parties and issues in this cause, not otherwise specifically disposed of, be, and the same is hereby dismissed from the cause." By reason of this clause and under the wording of the three issues that were submitted (above set out), appellees contend that the Holley judgment did not determine that L. F. Webb had acquired a fee simple title from his parents, it not being passed upon by the court. The pleadings in that suit were extensive, with many parties, and with many cross-actions being filed. It is thought this clause was inserted as a safety measure, a catchall, to insure a final judgment. But regardless of the insertion of this exclusion clause, it did not eliminate the defensive issue urged in that court, that a valid partition of the community lands of B. F. Webb and wife had been effected between them and their two children.

From above observations with respect to the history of the Holley suit and the matters, pleadings and judgment in the instant suit, it clearly appears that plaintiffs here, the children of L. F. Webb, who were defendants and appellees in the Holley suit, have recovered in the present suit by assuming a position inconsistent with their position in the former suit. Their position taken in the Holley suit under which they were successful will defeat their recovery in the present suit. The deed from B. F. Webb and wife to L. F. Webb, above set out, which they introduced in evidence in the former suit, they now attack as a forgery. Applicable to such a status is the rule stated in Railroad Comm. v. Ark. Fuel Co., Tex.Civ.App., 148 S.W.2d 895, 898, reading: "The general rule is now

well settled that a party to one law suit who takes a particular position by pleading, admission or argument, wherein a judgment is rendered in its favor, is estopped from taking an inconsistent position in a subsequent suit involving the same parties and the same subject-matter." See, also, Smith v. Chipley, 118 Tex. 415, 16 S. W.2d 269; Johnson v. Bingham, Tex.Civ. App., 251 S.W. 529; Id., Tex.Com.App., 265 S.W. 130; Hunt v. Ziegler, Tex.Civ. App., 271 S.W. 936; Ziegler v. Hunt, Tex. Com.App., 280 S.W. 546. "A person will not be permitted to profit by his own wrongdoing; and one who has induced the court to make a particular ruling in his favor will be held to be estopped from asserting thereafter that the ruling was erroneous. 26 T. J. p. 38.

Under appellants' first point it is asserted that the judicial admissions contained in appellees' pleadings are a bar to any recovery by appellees. This is sustained. In appellees' fifth amended original petition, upon which they went to trial, it is to be observed from the quoted portions above set out that they alleged said unrecorded deed, dated about 1896, under which they claimed, vested in L. F. and Fannie Webb "an estate for life only" and the "fee title or remainder was to vest in all the bodily heirs of said L. F. Webb upon his death"; that as to the subsequent deed, appellees alleged that "a life estate in said land was conveyed to L. F. Webb, upon his death the remainder over to all of the bodily heirs of the said L. F. Webb." This was all and the only allegation in the fifth amended original petition with respect to the character of title conveyed under the two deeds. The legal effect of the two deeds pleaded by appellee is within the rule in Shelley's case, and under such allegations vested the fee simple title in L. F. Webb without any limitation. Crist v. Morgan, Tex.Com.App., 245 S.W. 659; Bergfeld v. Buer, Tex.Civ.App., 8 S.W. 2d 776; Davis v. First National Bank of Waco, Tex.Civ.App., 145 S.W.2d 707. If it be conceded that legal competent oral evidence was introduced in this trial in support of above allegations, or if said deeds had been in existence and introduced in evidence, such would not have supported a recovery by appellees. This judicial admission contained in the pleadings upon which trial was had was available to appellants without the necessity of offering evidence to support it. 31 C. J. S., Evi-

dence, § 381, p. 1172; McCormick & Ray's Evidence, p. 640; Ogden & Johnson v. Bosse, 86 Tex. 336, 24 S.W. 798; Graham v. Henry, 17 Tex. 164, 167. The findings to special issues 1 to 2–A, above set out, and the judgment entered thereon were without support in the pleadings. Safety Casualty Co. v. Wright, 138 Tex. 492, 160 S.W.2d 238; Taylor v. Catalon, 140 Tex. 38, 166 S.W.2d 102; Clark v. Eads, Tex. Civ.App., 165 S.W.2d. 1019.

It is the position of appellees that such alleged judicial admissions were eliminated and avoided by reason of additional pleadings contained in paragraph 1, section C, and paragraph 13 of their second supplemental petition, which reads:

"Now come the Plaintiffs, and, in response to all answers and cross-actions filed herein by all Defendants and in lieu of their First Supplemental Petition, file this, their Second Supplemental Petition, supplementing Plaintiffs' Fifth Amended Original Petition filed herein, and for such pleading say:

"Plaintiffs except to the several pleas of res judicata and estoppel of each and all of said Defendants as contained in their Amended Original Answer, in that the allegations thereof are insufficient in law, if sustained, to constitute a defense to Plaintiffs' suit, for it nowhere appears therein: * * *

"(c) That, at the time such proceedings are alleged to have taken place in the Holley-Falvey case, they or either of them were ignorant of the substantive facts of plaintiffs' pleading in the pending suit, namely, that the deed recorded in volume 75 page 12, of the deed records of Wood County, Texas, referred to in Plaintiffs' Fifth Amended Petition, or *as originally executed and delivered, named the Plaintiffs as grantee of an estate in land to take effect upon the death of L. F. Webb, their father.* * * *

XIII.

"Subject to the foregoing exceptions as to Defendants' plea of estoppel and res judicata, now come all of said Plaintiffs and allege that, at the time said deed was offered by said Frank Bezoni and while he had no knowledge of the lack of authenticity or alteration of said deed, yet the Defendant Humble Oil & Refining Company and *the other defendants therein who are Defendants in this pending suit had knowledge that when said deed was orig-*

inally drawn, executed, and delivered by B. F. Webb and wife to L. F. Webb it contained apt words which limited the estate conveyed to him for life only and that his children, as a class, who should survive him were vested with the fee title to said land upon his death. . . ." (Italics ours).

"All the Plaintiffs, therefore, allege that, based on the above findings, the judgment was entered in the Holley-Falvey case denying any recovery on behalf of the Plaintiffs therein, and that there has been no adjudication of their respective rights as to the land described in this pending suit, or that by reason of any act or thing done by said Plaintiffs, they have misled any of the Defendants in this pending case."

"Wherefore, Plaintiffs pray as in their former pleading."

"The general rule is that the petition on which plaintiff goes to trial must contain all of the affirmative grounds on which a recovery is sought, and that any omission or error in this respect cannot be supplied by a supplemental petition. * * * However, there is an exception to the general rule to the effect that, in the absence of an exception, the supplemental petition may be considered as an amendment to the cause of action as alleged in the original petition." Southland Life Ins. Co. v. Greenwade, Tex.Civ.App., 143 S.W.2d 648, 651; Service Parts Co. v. Bizzell, Tex. Civ.App., 120 S.W.2d 919. Such pleading "may be considered for all it means, instead of what it is called." Glenn v. Dallas Co., 114 Tex. 325, 268 S.W. 452.

Above exception to the general rule is not applicable under the record here. The foregoing pleadings disclose on the face that the matters so alleged were in answer to the matters of defense set up in the second amended original answer. Paragraph 1, Section C, a special exception, is directed to the sufficiency of the pleadings in such answer to constitute an estoppel. Appellants, under their plea of estoppel and res judicata as a defense plead various matters including an allegation that in the trial of the Holley suit appellees had introduced in evidence the deed from B. F. Webb and wife to L. F. Webb. The allegations of fact found in paragraph 13 are in avoidance of the legal effect resulting from the acts of the attorney in the Holley trial with respect to the plea of estoppel urged in the answer. Such pleading does not

purport to be an amendment of the fifth amended original petition.

In view of the conclusions above reached, we pretermit a discussion of various other points presented.

For the reasons above stated, the judgment will be reversed and here rendered that plaintiffs take nothing by their suit.