**SYBERT et al. v. SYBERT.**

No. 10055.

Court of Civil Appeals of Texas. Austin.

June 18, 1952.

Rehearing Denied July 9, 1952.

272

McClain & Gauntt, C. E. Gauntt, George-town, Wofford, Fullerton & Barkley, W. C. Wofford, Taylor, for appellants.

S. E. Wilcox, Jr. Georgetown, for appellee.

HUGHES, Justice.

This is a trepass to try title case involving 101.1 acres of land in Williamson County. Title depends upon the proper construction of the wills of J. H. and Cora R. Sybert, husband and wife, now deceased, which in turn depends upon the applicability of the Rule in Shelley's case to the language employed by the testator and testatrix in the wills.

J. H. and Cora R. Sybert had, at the time of their deaths, five children born of their marriage, neither having been married but the one time.

J. H. Sybert died February 4, 1942, leaving a will, duly probated, by the terms of which he left all of his property to his wife, Cora R. Sybert, for life "and after the death of my said wife I will and bequeath to my five (5) sons the following described pieces and parcels of land, to wit:

"(a) To my son Fred Sybert I will and bequeath the following described tract of land (a life estate only, to man-age, control and use for and during the term of his natural life, and after the death of my said son, Fred Sybert, to vest in fee simple in the heirs of his body)—Being part of the tract known as the T. N. C mmack tract of 200 acres on the E. Parsons Survey, said tract of 200 acres being entirely owned by me, having been purchased by me in different tracts. The part herein conveyed being described as follows:"

A metes and bounds description of the tract of land involved in this suit follows.

In subsequent paragraphs of the will devises of land are made to each of the four other sons the language used being identical with that set out above except as to names and description.

On July 17, 1948, Cora R. Sybert died leaving a will, duly probated, by the terms of which she made disposition of her estate, including the lands in suit, in the same manner and by using the same words shown by and found in the will of her deceased husband, copied above.

The son, Fred Sybert, died intestate July 3, 1950, at which time he was married to appellee Eunice Sybert. Fred Sybert left no surviving child or children, none ever having been born to or adopted by him.

Under the above undisputed facts it is the contention of appellee, adopted by the trial court, that the Rule in Shelley's case must be invoked and the wills of J. H. and Cora R. Sybert be construed as vesting a fee simple estate in the lands in suit in her deceased husband, Fred Sybert.

Appellants, Ed Sybert and John H. Sybert, Jr., brothers of Fred Sybert, contend that the wills disclose a clear intention on the part of J. H. and Cora R. Sybert to vest a life estate only in Fred Sybert and that this intent should govern.

The Rule in Shelley's case is stated to be:
" * * * 'when a person takes an estate of freehold, legally, or equitably, under a deed, will, or other writing, and in the same instrument, there is a limitation, by way of remainder, either with or without the interposition of another estate, of an interest of the same legal or equitable quality, to his heirs,

or heirs of his body, as a class of persons, to take in succession, from generation to generation, the limitation to the heirs entitles the ancestor to the whole estate.' 4 Kent, 215. This result would follow, although the deed might express that the first taker should have a life estate only. It is founded on the use of the technical words, 'heirs,' or 'heirs of his body,' in the deed or the will." Hancock v. Butler, 21 Tex. 804.

■ The Rule operates not to enforce the testator's clearly expressed intention but contrary to it. Crist v. Morgan, Tex. Com.App., 245 S.W. 659.

Recently the Supreme Court declined to write on the Rule saying "there is much which has already been written and found in our law reports and texts." (Citing authorities); Robinson v. Glenn, Tex., 238 S.W.2d 169, 170. We add the citation of Texas Law Review, Vol. X, p. 363.

■ The Rule has been abolished in most of the American States. It has been abrogated in England where it originated and where there was some semblance of reason for its existence. The Rule was never suited to our laws, customs and institutions and as far back as 1905 our Supreme Court, speaking through Judge Brown, in Lacey v. Floyd, 99 Tex. 112, 87 S.W. 665, recommended that the public interest would be served if the Rule were repealed by the Legislature. Yet the Rule remains a part of our law to be enforced by the courts the effect of which is graphically stated by Chief Justice Cockburn in Jordan v. Adams, 1861, 9 C.B. (N.S.) 483, 30 S.J.C.P. 161, 4 L.T. 775 as quoted in Vol. X, Tex. Law Rev. p. 365:

"When once the doner has used the terms 'heirs' or 'heirs of the body,' as following on an estate of freehold, no inference of intention, however irresistible, no declaration of it, however explicit, will have the slightest effect. The fatal words once used, the law fastens upon them, and attaches to them its own meaning and effect as to the estate created by them, and rejects, as inconsistent with the main purpose which is inexorably and despotically fixes on the donor, all the provisions of the will which would be incompatible with an estate of inheritance, and which tend to show that no such estate was intended to be created; altho, all the while, it may be as clear as the sun at noonday that by such a construction the intention of the testator is violated in every particular. * * * there is, nevertheless, one quarter from which it permits effect to be given to the real intention of the testator: this is where by some explanatory context, having a direct and immediate bearing upon the terms 'heirs' or 'heirs of the body,' the devisor has clearly intimated that he has not used these words in their technical but in their popular sense, namely that of sons, daughters, or children, as the case may be."

We have diligently searched the wills of Mr. and Mrs. Sybert for some "explanatory context," qualification or modification of the words "the heirs of his body," as used in the wills, but none are present.

■ It is our duty, therefore, to apply the Rule and hold, contrary to the clearly expressed intention of testator and testatrix, that Fred Sybert received under the wills of his father and mother a fee simple title to the lands in suit. Crist v. Morgan, supra; Brown v. Bryant, 17 Tex.Civ.App. 454, 44 S.W. 399 (writ ref.); Bergfeld v. Buer, Tex.Civ.App.Dallas, 8 S.W.2d 776 (writ ref.); Davis v. First National Bank of Waco, 139 Tex. 36, 161 S.W.2d 467, 144 A.L.R. 1.

The judgment of the trial court is affirmed.

Affirmed.