AETNA LIFE INSURANCE
COMPANY, Petitioner,

v.

Homer Baxter WELLS, Respondent.

No. B–7217.

Supreme Court of Texas.

May 17, 1978.

Rehearing Denied June 21, 1978.

George S. Finley, San Angelo, for petitioner.

Trenchard, Davis & Hardwick, Robert Trenchard, Jr. and Calvin W. Wesch, Kermit, for respondent.

PER CURIAM.

Homer Baxter Wells recovered a judgment against Aetna Life Insurance Company for the amount of certain medical expenses incurred in treatment of a heart attack he sustained while working for the Tom Brown Drilling Company. Aetna had issued a policy to Tom Brown Drilling Company which provided medical benefits for employees' injuries or illnesses which were not covered by worker's compensation insurance. Judgment was rendered for Wells on the jury finding that the heart attack *was not* an accidental injury. The court of civil appeals affirmed. 557 S.W.2d 144.

Wells and the other employees of Tom Brown Drilling Company were covered for worker's compensation benefits by a policy issued by Highlands Insurance Company. The undisputed evidence establishes that: Wells asserted a claim under the worker's compensation policy in which he contended that the heart attack *was* an accidental injury; the Industrial Accident Board found that the heart attack was an accidental injury; Highlands Insurance Company appealed to the district court, but, prior to trial, the parties entered into a settlement whereby Wells recovered substantial compensation and reimbursement for the same medical expenses sued on herein. Thus, as a result of the settlement of the worker's compensation claim and the judgment entered in this case, Wells has been permitted to recover twice for the same medical expenses; once because the heart attack was an accidental injury, and once because it was not an accidental injury.

We granted the application for writ of error to consider Aetna's points that Wells was estopped or barred from asserting in this suit that the heart attack was not an accidental injury after successfully claiming in the worker's compensation claim that it was an accidental injury. We sought to determine if Wells was estopped by the first judgment, or by his election of one of

two inconsistent remedies. *See Lomas & Nettleton Co. v. Huckabee,* 558 S.W.2d 863 (Tex.1977); *American Savings & Loan Ass'n of Houston v. Musick,* 531 S.W.2d 581, 588 (Tex.1975); *Benson v. Wanda Petroleum Company,* 468 S.W.2d 361 (Tex.1971).

We have determined, after careful examination of the record, that these points were not urged in the court of civil appeals and therefore may not be considered by us. Tex.R.Civ.P. 418 and 469; *Bickler v. Bickler,* 403 S.W.2d 354, 361 (Tex.1966); *Magic Chef, Inc. v. Sibley,* 546 S.W.2d 851, (Tex. Civ.App.—San Antonio 1977, writ ref'd n. r. e.). Aetna's argument in the court of civil appeals was limited to its assertions that the contentions and pleadings of Wells in his prosecution of a claim under the worker's compensation statute constitute a judicial admission that the heart attack was an accidental injury, or that Wells is barred under the doctrine of judicial estoppel from contending that his heart attack was not an accidental injury. We agree with the holding of the court of civil appeals that Aetna failed to establish the basis for application of the doctrines of judicial admissions or judicial estoppel.

Accordingly, this Court is of the opinion that the writ of error was improvidently granted. The order granting the writ is set aside; and the writ of error is refused, no reversible error.