In the ESTATE OF Christine DEVITT, Deceased.

No. 07–86–0121–CV.

Court of Appeals of Texas, Amarillo.

May 31, 1988.

Rehearing Granted in Part and Overruled in Part Aug. 12, 1988.

Second Rehearing and Rehearing En Banc Denied Sept. 13, 1988.

John T. Montford, Lubbock, Baker & Botts, Larry F. York, Joe R. Greenhill, and Philip Houser, Austin, for appellant.

Crenshaw, Dupree & Milam, James H. Milam and Cecil Kuhne, Lubbock, Jim Mattox, Atty. Gen., John R. Vasquez, Asst. Atty. Gen., Austin, for appellee.

Before DODSON, COUNTISS and BOYD, JJ.

COUNTISS, Justice.

This is a will contest. Appellant Dorothy Secrest Klein challenged the probate of the will of her aunt, Christine Devitt. The trial court held that she was judicially estopped from contesting the will, and granted summary judgment for the executors, appellees Helen Devitt Jones and George W. McCleskey. In this Court, Klein attacks the judgment by three points of error. We will resolve only the first point, which is determinative, and reverse and remand.

Christine Devitt died testate in October of 1983. Under a will she signed in June of 1983 she distributed her substantial estate among numerous persons including Klein and the executors. Executor McCleskey, in addition to being a beneficiary under the will, was also her attorney. He prepared the will and, at her death, his firm initiated its probate. Although the 1983 will was self-proven, McCleskey's partner obtained an affidavit in support of the will from Klein and her testimony, oral and written, was tendered in support of the will when it was offered for and admitted to probate in October of 1983.

In December of 1984, after learning that her share of the estate was less under the probated will than what she would have received under a 1977 will, Klein initiated a contest of the will, contending her aunt was subjected to undue influence and lacked testimentary capacity. The executors moved for summary judgment on the basis of judicial estoppel, contending that Klein's earlier testimony in support of the will forever barred her from contesting it. The trial court agreed, and granted summary judgment. The applicability of judicial estoppel is challenged by Klein through her first point of error.

Because this is an appeal from a summary judgment, the issues before us must be resolved within the framework of settled principles of summary judgment law. A movant earns a summary judgment by establishing (1) the absence of genuine issues of material fact and (2) the right to judgment under those undisputed material facts, as a matter of law, on grounds expressly stated in the motion. Tex.R.Civ. Pro. 166-A(c); *Delgado v. Burns*, 656 S.W. 2d 428, 429 (Tex.1983); *Whiddon v. Metni*, 650 S.W.2d 904, 905 (Tex.App.—Dallas 1983, writ ref'd n.r.e.). The movant, against whom all doubts are resolved, has the burden of establishing both elements, *City of Houston v. Clear Creek Basin*

*Authority,* 589 S.W.2d 671, 678 (Tex.1979), and when the defendant is the movant, summary judgment is proper only if the plaintiff cannot, as a matter of law, succeed upon any theory plead. *Peirce v. Sheldon Petroleum Co.,* 589 S.W.2d 849, 852 (Tex.Civ.App.—Amarillo 1979, no writ). Thus, the defendant can prevail by conclusively establishing against the plaintiff at least one factual element of each theory plead by the plaintiff, *Gibbs v. General Motors Corp.,* 450 S.W.2d 827, 828 (Tex. 1970), or by conclusively establishing every factual element of an affirmative defense. *Swilley v. Hughes,* 488 S.W.2d 64, 67 (Tex. 1972). Conversely, the plaintiff can bar the defendant's entitlement to a summary judgment by responding with evidence that creates a fact question on those elements of the plaintiff's case under attack by the defendant or on at least one element of each affirmative defense advanced by the defendant. *Torres v. Western Casualty & Surety Co.,* 457 S.W.2d 50, 52 (Tex.1970); *see also Puga v. Donna Fruit Co.,* 634 S.W.2d 677, 680–81 (Tex.1982). Alternatively, the plaintiff can defeat the motion by conceding that the material facts are undisputed, but convincing the court that the defendant's legal position is unsound. That is the stance taken by Klein here.

We must collate the foregoing principles with the substantive law of judicial estoppel in order to resolve the first point. We note at the outset that the question before us requires a two part analysis: First, does judicial estoppel bar a party from assuming contradictory stances within the same proceeding? Second, if not, are the probate of a will and the contest of a will occurrences within the same proceeding?

■ The first question is not hard to answer. This Court analyzed the doctrine of judicial estoppel several years ago in *Highway Contractors, Inc. v. West Tex.*

*Equipment,* 617 S.W.2d 791 (Tex.Civ.App. —Amarillo 1981, no writ). After reviewing *Long v. Knox,* 155 Tex. 581, 291 S.W.2d 292 (Tex.1956), the leading Supreme Court decision on judicial estoppel, we summarized the rule as follows:

> A party is judicially estopped *in a subsequent proceeding* by having alleged or admitted in pleadings *in a former proceeding,* under oath, the contrary of the assertion sought to be made in the subsequent proceeding, in the absence of proof that the averment in the former proceeding was made inadvertently or by mistake, fraud or duress. (Emphasis added.)

We remain satisfied with our review and statement of the rule. Judicial estoppel applies only if there is a "subsequent proceeding." Accord: *LaChance v. McKown,* 649 S.W.2d 658 (Tex.App.—Texarkana 1983, writ ref'd n.r.e.); *Aetna Life Ins. Co. v. Wells,* 557 S.W.2d 144 (Tex.Civ.App.— San Antonio 1977), *writ ref'd n.r.e.,* 566 S.W.2d 900 (Tex.1978).

■ Is this will contest, then, a subsequent proceeding or part of the same proceeding? In the early case of *Stringfellow v. Early,* 40 S.W. 871, 874 (Tex.Civ.App. 1897, writ dism'd), a suit to annul a will by prohibiting its probate, the court pointed out that the case "necessarily must be heard and tried in the proceeding in probate and in resistance thereto." More recently, in *Ladehoff v. Ladehoff,* 436 S.W.2d 334, 337 (Tex.1968), the Supreme Court pointed out that "[a]n attack upon a probate judgment under Section 93 [of the Probate Code] is a method for making a direct attack which is in addition to the forms for direct attacks authorized by Sections 28 and 30, which are appellate in nature."[1] A direct attack is, by necessity, part of the same proceeding. *See generally,* Hodges, Collateral Attacks on Judg-

---

1. Section 93 of the Probate Code says:

    After a will has been admitted to probate, any interested person may institute suit in the proper court to contest the validity thereof, within two years after such will shall have been admitted to probate, and not afterward, except that any interested person may institute suit in the proper court to cancel a will for forgery or other fraud within two years after the discovery of such forgery or fraud, and not afterward. Provided, however, that persons non compos mentis and minors shall have two years after the removal of their respective disabilities within which to institute such contest. Tex.Prob.Code Ann. § 93 (Vernon 1980).

ments, 41 Tex.L.Rev. 163 (1962). Finally, it is obvious that Section 5 of the Probate Code [2] contemplates the joinder of the probate proceeding and the will contest in one action in order to resolve the contest. *See Novak v. Stevens,* 596 S.W.2d 848, 850–51 (Tex.1980).

We hold, therefore, that a will contest and the probate of the will are two parts of the same proceeding, and that inconsistent positions within that proceeding cannot be barred by the doctrine of judicial estoppel.

We are aware that the early Supreme Court case of *Prather v. McClelland,* 76 Tex. 574, 13 S.W. 543 (Tex.1890) seems to hold to the contrary. The Supreme Court in *Prather* based its decision on Article 1938 of the Revised Statutes of Texas. This provision later reappeared in Article 3358 of the Texas Civil Statutes (Vernon Sayles 1911) [3] and was amended as Article 3433 in 1925. [4]

In 1955, the Fifty-fourth Legislature enacted an Act "to establish and adopt a probate code for the State of Texas." This Act revised the statutes, validating certain proceedings under existing and prior statutes, and "repealing statutes and all laws or parts of laws in conflict with the code." Tex.Prob.Code Ann. (appendix) (Vernon 1980). When the Texas Probate Code became effective January 1, 1956, article 3433 was not included, although it was pre-

served in the appendix of the Code for "reference in connection with rights which accrued prior to January 1, 1956." Tex. Prob.Code Ann. (appendix) (Vernon 1980). We conclude, therefore, that *Prather* is no longer the law in Texas and we decline to follow it.

It follows, from the foregoing discussion, that the trial court erred in granting the motion for summary judgment. No matter how contradictory her stances may be, Klein may contest the will she asked the court to probate. Point of error one is sustained. Points of error two and three are moot and will not be discussed.

The judgment is reversed and the case is remanded to the trial court.

## ON MOTION FOR REHEARING [1]

BOYD, Justice.

Appellees, Helen Devitt Jones and George W. McCleskey, executors of the estate of Christine Devitt, and appellee, the State of Texas, filed motions for rehearing in this cause. In ten points, appellees Jones and McCleskey assert that this Court erred in (1) sustaining point one in Klein's original brief; (2) determining that the doctrine of judicial estoppel is inapplicable to contradictory positions in the same proceeding; (3) holding that a suit under section 93 of the Probate Code [2] is the same

---

**2.** Section 5(c) of the probate code as pertinent here states:

   ... In contested probate matters, the judge of the constitutional county court may on his own motion, and shall on the motion of any party to the proceeding, transfer the proceeding to the statutory probate court, county court at law, or other statutory court exercising the jurisdiction of a probate court, which may then hear the proceeding as if originally filed in such court. Tex.Prob.Code Ann. § 5(c) (Vernon 1980).

**3.** Article 3358 states that "When a will has been probated, its provisions and directions shall be executed, unless the same are annulled or suspended by order of the court probating the same in a proceeding instituted for that purpose by some person interested in the estate." Tex. Civ.Stat. art. 3358 (Vernon Sayles 1911) (amended 1925).

**4.** Article 3358 was later renumerated as Article 3433 which states:

   When a will has been probated, its provisions and directions shall be specifically executed, unless annulled or suspended by order of the court probating the same in a proceeding instituted for that purpose by some person interested in the estate. Such proceeding shall be by application in writing, filed with the clerk of the court, setting forth the objectionable provisions and directions in the will, and grounds of objections. Tex.Civ.Stat. art. 3433 (1925) (repealed 1955).

**1.** This case was initially submitted to and determined by a panel of this Court which consisted of Justices Dodson, Countiss and Boyd. Justice Countiss resigned from this Court on June 7, 1988, and did not participate in the decision on rehearing.

**2.** All references to sections or to the Code are to the Texas Probate Code.

proceeding as a probate proceeding under the doctrine of judicial estoppel; (4) failing to apply *Prather v. McClelland*, 76 Tex. 574, 13 S.W. 543 (1890), saying that the statute in effect then is similar to section 93 of the Code; (5) failing to distinguish a "will contest" under section 5 of the Code and a section 93 suit to set aside a will previously probated; (6) equating a "direct attack" with the "same proceeding" and holding that it was a part of the same proceeding; (7) implying that Klein's testimony was not essential because the will was self-proved; (8) adjudging costs against Jones and McCleskey individually rather than in their capacity as independent executors of the estate of Christine Devitt; and (9) reversing the judgment because Klein could not prevail on points two and three. Appellee, the Attorney General of the State of Texas, has also filed a motion for rehearing in which he adopts all of the points of Jones and McCleskey, except their eighth point.

In their second point, appellees argue that this Court erred in determining that the doctrine of judicial estoppel, as contrasted to equitable estoppel, applies to contradictory stances within the same proceeding. We disagree and remain convinced that the doctrine of judicial estoppel applies only if there is a subsequent proceeding. In our original opinion, we cited the leading Texas Supreme Court case of *Long v. Knox*, 155 Tex. 581, 291 S.W.2d 292 (1956) and applied it to the instant case. In reviewing this contention, it is clear that we correctly recited the rule and have found numerous authorities applying this established rule. *Smith v. Chipley*, 118 Tex. 415, 16 S.W.2d 269, 276 (Tex.Comm'n App.1929, opinion adopted); *Humble Oil Refining Co. v. Webb*, 177 S.W.2d 218, 224 (Tex.Civ.App.—Texarkana 1944, writ ref'd w.o.m.); *Railroad Commission v. Arkansas Fuel Oil Co.*, 148 S.W.2d 895, 898 (Tex. Civ.App.—Austin 1941, writ ref'd). *See also Aetna Life Ins. Co. v. Wells*, 557 S.W.2d 144 (Tex.Civ.App.—San Antonio 1977), writ ref'd n.r.e., 566 S.W.2d 900 (Tex. 1978); *Van Deusen v. Connecticut General Life Ins. Co.*, 514 S.W.2d 951, 954–57 (Tex.Civ.App.—Fort Worth 1974, no writ); *Bond v. Kirby Lumber Co.*, 47 S.W.2d 891 (Tex.Civ.App.—Beaumont 1932, writ dism'd). Accordingly, point two is overruled.

In point three, appellees claim that we erred in stating that a section 93 action to set aside a will is the same proceeding as a probate proceeding. Related thereto is point four, where they argue that we failed to follow *Prather v. McClelland*, 76 Tex. 574, 13 S.W. 543 (1890) on the basis that article 3433 was repealed when the Probate Code became effective on January 1, 1956 and it is no longer applicable. They claim that section 93 [3] is essentially the same as former article 3433 [4].

Although we recognize the similarities in the two statutes, there is an additional reason why *Prather v. McClelland* is no longer the law. In 1973, article V, section 8 of the Texas Constitution was amended. That modification eliminated the constitutional provision which confined district courts to appellate jurisdiction and general control of probate matters, and gave con-

---

**3.** Section 93 of the Probate Code provides:

After a will has been admitted to probate, any interested person may institute suit in the proper court to contest the validity thereof, within two years after such will shall have been admitted to probate, and not afterward, except that any interested person may institute suit in the proper court to cancel a will for forgery or other fraud within two years after the discovery of such forgery or fraud, and not afterward. Provided, however, that persons non compos mentis and minors shall have two years after the removal of their respective disabilities within which to institute such contest. Tex.Prob.Code Ann. § 93 (Vernon 1980).

**4.** Article 3358 was later enumerated as article 3433 which states:

When a will has been probated, its provisions and directions shall be specifically executed, unless annulled or suspended by order of the court probating the same in a proceeding instituted for that purpose by some person interested in the estate. Such proceeding shall be by application in writing, filed with the clerk of the court, setting forth the objectionable provisions and directions in the will, and grounds of objections. Tex.Civ.Stat. art. 3433 (1925) (repealed 1955).

current probate jurisdiction to district courts. The legislature also amended section 5 [5] of the Code to permit the transfer of contested probate matters. *Novak v. Stevens,* 596 S.W.2d 848, 850 (Tex.1980).

Prior to these changes, the divided jurisdiction frequently required unnecessary trials. These amendments were "intended to permit in a single action the trial of probate matters as well as matters incident to an estate." *Id.* The phrase "incident to an estate" has a broad meaning. *Id.* at 851. Relying on the legislative history, the Texas Supreme Court said that the then court of civil appeals erred in holding that a separate proceeding about the contractual nature of the will was required. *Id.* Hence, these amendments authorize trial of probate matters in a single action and as if originally filed in transferee court. Furthermore, in reviewing *Prather v. McClelland,* it is clear that the contestants there appealed to the district court from a county court ruling, the type of multiple trial situation the 1973 amendments were intended to preclude. Because of those jurisdictional changes, *Prather v. McClelland* is no longer applicable here.

Moreover, in *Ladehoff v. Ladehoff,* 436 S.W.2d 334, 337 (Tex.1968), the Texas Supreme Court stated that the Probate Code has "liberally" provided a number of alternative means to make direct attacks on a will.[6] Section 93 permits a contestant to contest a will admitted to probate by the institution of a suit by an interested party within a two-year period. *Id.* A section 93 attack on a probate decree is a direct attack. In reviewing *Franks v. Chapman,*

61 Tex. 576, 582 (1884), a decision interpreting article 3213, a predecessor of section 93, the Court in *Ladehoff* noted that an action instituted under the former article was a direct attack, was not the same as an appeal or certiorari, was not necessarily appellate in nature, and was not confined to the proof required in a bill of review. 436 S.W.2d at 337. Section 93 keeps a probate order voidable and subject to attack. *Id.* at 340. Hence, a section 93 attack is a part of the same proceeding.

We have carefully reviewed the cases relied upon by appellees. Although four of these cases were subsequent to the 1973 amendments to section 5, appellees' reliance on them is misplaced. In *Estate of Wright,* 676 S.W.2d 161, 164 (Tex.App.—Corpus Christi 1984, writ ref'd n.r.e.), the action was one to declare heirship and not a will contest. Further, the finding that the summary judgment based thereon was a separate and independent action was dicta. In *Estate of Ross,* 672 S.W.2d 315, 318 (Tex.App.—Eastland 1984, writ ref'd n.r.e.), *cert. denied,* 470 U.S. 1084, 105 S.Ct. 1844, 85 L.Ed.2d 143 (1985) and *Cherry v. Reed,* 512 S.W.2d 705, 707 (Tex.Civ.App.—Houston [1st Dist.] 1974, writ ref'd n.r.e.), there was no statement that a section 93 action was separate and distinct and the latter case deals primarily with the appealability of a probate order. In *Rodeheaver v. Alridge,* 601 S.W.2d 51, 54 (Tex.Civ.App.—Houston [1st Dist.] 1980, writ ref'd n.r.e.), a county clerk and a constable filed a declaratory judgment action against the administratrix of an estate to determine whether she was exempt from paying cer-

---

**5.** Section 5 of the Code is entitled "Jurisdiction of District Court and Other Courts of Record With Respect to Probate Proceedings and Appeals from Probate Orders." Section 5(c) of the Probate Code, which was last amended in 1983, as pertinent here, states:

> In contested probate matters, the judge of the constitutional county court may on his own motion, and shall on the motion of any party to the proceeding, transfer the proceeding to the statutory probate court, county court at law, or other statutory court exercising the jurisdiction of a probate court, *which may then hear the proceeding as if originally filed in such court.* Tex.Prob.Code Ann. § 5(c) (Vernon Supp.1988). (Emphasis added.)

Section 5(d) provides:

> All courts exercising original probate jurisdiction shall have the power to hear *all matters incident to an estate.* When a surety is called on to perform in place of an administrator or guardian, all courts exercising original probate jurisdiction may award judgment against the personal representative in favor of his surety in the same suit. Tex.Prob.Code Ann. § 5(d) (Vernon 1980). (Emphasis added.)

**6.** Sections 28 and 30, which were referenced in *Ladehoff v. Ladehoff,* formerly provided a means to make a direct attack on a will. However, in 1975 section 30 was repealed and section 28 was substantially altered.

tain filing and service fees. There, the Court correctly held that the action was a separate and independent proceeding. This is so because the action was not one under the Probate Code and had nothing to do with a contested probate matter by a party interested in the estate. Points three and four are overruled.

■ Without citation of relevant authority, appellees argue in point five that this Court failed to distinguish a will contest under section 5 from a suit under section 93, which is after the will has been probated. We disagree. Section 5 deals with the jurisdiction of the courts with respect to probate proceedings and appeals. It does not create a cause of action for certain types of will contests. Section 5(c) specifically provides for the transfer of a will contest to the appropriate court, which then may hear the action as if originally filed in the transferee court. When a section 93 action is filed, section 5 provides the appropriate court with jurisdiction to hear the contest. Point five is overruled.

■ In point six, appellees contend, again without citation to authority, that we erred in equating a direct attack on the will with the "same proceeding" question under the judicial estoppel doctrine. We disagree. Under section 93, a will contest is a direct attack upon the order admitting the will to probate, *Estate of Morris*, 577 S.W. 2d 748, 752 (Tex.Civ.App.—Amarillo 1979, writ ref'd n.r.e.) and *A. & M. College of Texas v. Guinn*, 280 S.W.2d 373, 377 (Tex. Civ.App.—Austin 1955, writ ref'd n.r.e.), and the probate decree is voidable and subject to attack. *Ladehoff v. Ladehoff*, 436 S.W.2d at 340. A direct attack is an attempt to alter an order in a proceeding brought for that purpose. *Estate of Morris*, 577 S.W.2d at 752. Consequently, a direct attack is, by necessity, part of the same proceeding. *See generally* Hodges, Collateral Attacks on Judgments, 41 Tex.L. Rev. 163 (1962). Point six is overruled.

■ In point seven, appellees say that we erroneously implied that Klein's testi-

mony was not essential because this was a self-proved will. They argue that Klein's testimony was essential because McCleskey, who was one of the joint co-executors, and his law firm, which was representing the estate, sought to establish that all principal beneficiaries desired the same law firm to represent the estate. They further say that Klein was a trustee of the CH Foundation and her agreement was necessary for McCleskey to serve as co-executor for the estate in order to seek reasonable attorney fees. We disagree. The cited authorities [7] do not hold that such testimony is essential, although it is the better practice. Moreover, the portion of our opinion which appellees attack was merely a correct recitation of the facts and was not an implied holding. Point seven is overruled. Point one being a general point covering points two through seven, point one is overruled.

■ In point eight, the only point which was not adopted by the State of Texas, Jones and McCleskey argue that we erred in adjudging costs against them individually in our judgment, saying that they were only sued in their capacity as independent executors of the estate. Although they were sued in their individual capacities as two of several beneficiaries and in their capacities as executors, the summary judgment action was brought in their capacities as executors and they are parties to this appeal only in their capacities as executors. Consequently, we sustain this eighth point.

Points nine and ten are contingent upon us sustaining one of the first seven points of error. Since we overruled those points, we also overrule points nine and ten.

In summary, we sustain Jones' and McCleskey's eighth point of error in their motion for rehearing, withdraw that portion of our judgment which adjudged costs against Jones and McCleskey, and order that costs be adjudged against them as executors of the Estate of Christine Devitt, Deceased. Since we continue to believe our original disposition of this appeal was otherwise correct, we overrule all other

---

7. *Burton v. Bean*, 549 S.W.2d 48, 51–52 (Tex.Civ. App.—El Paso 1977, no writ); *Neblett v. Butler*, 162 S.W.2d 458 (Tex.Civ.App.—Galveston 1942, writ ref'd w.o.m.).

points of error on the motions for rehearing, reverse the judgment of the trial court and remand the cause to the trial court.