Opinion issued November 4, 2004









                                              

In The
Court of Appeals
For The
First District of Texas




NO. 01-02-01274-CV




J. MICHAEL EPSTEIN, INDIVIDUALLY AND AS TRUSTEE UNDER
THE WILL OF JULIUS EPSTEIN, Appellant

V.

JOHN A. HUTCHISON III, SUCCESSOR GUARDIAN OF THE ESTATE
OF ALTA ESPTEIN, AN INCAPACITATED PERSON, Appellee




On Appeal from Probate Court No. 2
Harris County, TexasTrial Court Cause No. 274,652




O P I N I O N

          This is the second of several appeals arising from the same underlying
litigation. In this appeal, appellant, J. Michael Epstein (“Michael”), appeals from four
orders approving attorney’s fees for legal work performed by appellee, John A.
Hutchison III, the guardian of the estate of Michael’s incapacitated mother, Alta J.
Epstein (“Alta”). We consider whether the trial court erred in approving Hutchison’s
attorney’s fees for legal work that he did as the attorney for himself in the capacity
of Alta’s guardian. We affirm.
Background
          Michael sued Alta, alleging that she had committed various wrongful acts as
trustee of testamentary trusts established under the will of Julius Epstein, Michael’s
father and Alta’s late husband. Alta was later declared incapacitated from
Alzheimer’s disease. Michael became the sole trustee of the testamentary trusts. 
Hutchison eventually became the guardian of Alta’s estate. 
          From the numerous and lengthy proceedings in the underlying suit, Michael
appeals four orders authorizing the payment of attorney’s fees out of Alta’s estate to
Hutchison for services that he rendered as the attorney of Alta’s guardian, also
himself, for the guardianship estate. The orders authorized payment of attorney’s fees
for three periods: $7,795.12 for attorney’s fees accrued from July 1, 2001 to October
8, 2001 (one order); $38,484.26 for attorney’s fees accrued from December 1, 2001
to September 30, 2002 (two orders); and $4,010.00 for attorney’s fees accrued from
October 2, 2001 to October 2, 2002 (one order). The order authorizing fees from
October 2, 2001 through October 2, 2002 authorized payment of attorney’s fees to
Hutchison in lieu of his commission as guardian.
Standard of Review
          We generally review the trial court’s approval of attorney’s fees incurred by a
guardian for abuse of discretion. See State ex rel. Tex. Dep’t of Mental Health &
Mental Retardation v. Ellison, 914 S.W.2d 679, 682, 683 (Tex. App.—Austin 1996,
no writ) (so holding regarding ruling on application to remove guardian and implying
same regarding ruling on application for guardian’s attorney’s fees). A trial court
abuses its discretion when its decision is contrary to the law. See Johnson v. Fourth
Court of Appeals, 700 S.W.2d 916, 917 (Tex. 1985). To the extent that the issues
involved concern only questions of law, we review the trial court’s decision de novo. 
See Henderson v. Viesca, 922 S.W.2d 553, 557 (Tex. App.—San Antonio 1996, writ
denied) (holding same in reviewing order approving guardian’s attorney’s fees, when
parties had stipulated to facts and trial court had considered only legal issue).
Award of Attorney’s Fees
          In four issues, Michael challenges the trial court’s four orders approving
Hutchison’s attorney’s fees. Although the proceedings below were hotly contested,
the few facts pertinent to Michael’s challenges are not in material dispute, and his
challenges present legal issues.
          In issue four, Michael argues that the trial court abused its discretion in
approving Hutchison’s attorney’s fees because the court’s having done so thwarts the
Probate Code’s provision concerning compensation of guardians.
          Probate Code section 665 provides for the compensation of guardians and
temporary guardians:
§ 665. Compensation of Guardians and Temporary Guardians
 
(a)The court may authorize compensation for a guardian or a
temporary guardian serving as a guardian of the person alone from
available funds of the ward’s estate or other funds available for that
purpose. The court shall set the compensation in an amount not
exceeding five percent of the ward’s gross income. . . .
 
(b)The guardian or temporary guardian of an estate is entitled to
reasonable compensation on application to the court at the time the court
approves any annual accounting or final accounting filed by the
guardian or temporary guardian under this chapter. A fee of five
percent of the gross income of the ward’s estate and five percent of all
money paid out of the estate is considered reasonable under this
subsection if the court finds that the guardian or temporary guardian has
taken care of and managed the estate in compliance with the standards
of this chapter.
 
(c)On application of an interested person or on its own motion, the
court may review and modify the amount of compensation authorized
under Subsection (b) of this section if the court finds that the amount is
unreasonably low when considering the services rendered as guardian
or temporary guardian.

 
(d)A finding of unreasonably low compensation may not be
established under Subsection (c) of this section solely because the
amount of compensation is less than the usual and customary charges
of the person or entity serving as guardian or temporary guardian.

Tex. Prob. Code Ann. § 665(a)-(d) (Vernon 2003) (emphasis added). This section
provides for a guardian’s compensation, not his expenses. Reimbursement for a
guardian’s expenses is provided for in section 666:
A guardian is entitled to be reimbursed from the guardianship estate for
all necessary and reasonable expenses incurred in performing any duty
as a guardian, including reimbursement for the payment of reasonable
attorney’s fees necessarily incurred by the guardian in connection with
the management of the estate or any other guardianship matter.
Id. § 666 (Vernon 2003) (emphasis added). The Code clearly considers attorney’s
fees to be a guardian’s expenses, not his compensation. See id. Accordingly,
reimbursement for those fees is controlled by section 666, not section 665. 
          Michael nonetheless argues that the Probate Code does not allow a guardian
to be his own attorney for guardianship matters because doing so could allow the
guardian to recover higher fees, under section 666, than he would be entitled to
recover under the compensation scheme established by section 665. No provision of
the Probate Code, however, expressly prohibits an attorney guardian from
representing the guardianship estate in its legal matters. Moreover, Michael’s
argument has been considered and rejected by another court of appeals. See
Henderson, 922 S.W.2d at 558. 
          In Henderson, the guardian conditioned her appointment on her serving as
attorney for the guardianship estate, as well as the ward’s guardian. Id. at 556. No
one objected to the arrangement, and the trial court recited in the order of
appointment that the guardian could serve in both capacities. Id. The Henderson
court held that the guardian could be compensated for fees in her capacity as attorney. 
Id. at 558. The court reasoned that public policy favored dual compensation because
(1) one functioning in both capacities could avoid duplication of work and could thus
lower costs; (2) “the probate court is the true protector of the estate’s interests as it
conducts the final review of all monies leaving the estate”; (3) “probate courts will
more closely scrutinize the applications for attorney’s fees submitted by
representatives serving in dual capacities, resulting in even greater protection to the
estate”; and (4) the relationship between attorney and client and guardian and ward
is based on trust, so that “we should presume that an individual serving in both
capacities would perform her duties in a manner that is in the best interest of the
estate.” Id. at 558.
          Michael attempts to distinguish Henderson on the gruond that, in that case, the
order appointing the guardian approved the guardian’s dual capacity without
objection. See id. at 556. The reasoning underlying Henderson, however, applies
regardless of whether the trial court approves or other parties object to the guardian’s
dual role. For example, the Henderson court observed that an individual serving both
as guardian of the estate and as attorney for the guardianship estate would generally
perform in the estate’s best interest in both capacities, given that both an attorney and
a guardian have a close fiduciary relationship with their client or ward. See id. at 558;
Archer v. Griffith, 390 S.W.2d 735, 739 (Tex. 1964) (“The relation between an
attorney and his client is highly fiduciary in nature . . . .”); Byrd v. Woodruff, 891
S.W.2d 689, 706 (Tex. App.—Dallas 1994, writ dism’d by agr.) (“[T]he law
recognizes the fiduciary duty of a guardian of a ward or the personal representative
of an estate.”). Moreover, the ultimate safeguard upon which the Henderson court
relied—that the trial court would approve only the reasonable and necessary
attorney’s fees that the guardian incurred—applies whether the guardian or a different
person serves as the attorney for guardianship matters. Accordingly, we hold that the
trial court did not abuse its discretion in approving Hutchison’s attorney’s fees for the
reason that Hutchison served in the capacity as the attorney for the guardianship
estate.
          Analogous authority also supports our holding. As the Henderson court
recognized,


 two courts considering cases in which an estate’s executor also
functioned as the estate attorney reached a conclusion similar to ours. See Neblett v.
Butler, 162 S.W.2d 458, 461-62 (Tex. Civ. App.—Galveston 1942, writ ref’d
w.o.m.);


 Burton v. Bean, 549 S.W.2d 48, 51 (Tex. Civ. App.—El Paso 1977, no writ)
(holding that estate administrators could recover reasonable attorney’s fees when the
heirs understood at time of appointment that administrators would serve in that dual
capacity and appointment order provided that dual appointment was made with heir’s
consent). Furthermore, although all heirs knew that the estate administrators in
Burton would serve in both capacities, the Burton court supported its holding with
the reasoning that the probate court would require satisfactory proof of the fees’
reasonableness. Id. at 51; see also In re Estate of Devitt, 758 S.W.2d 601, 607, 607
n.7 (Tex. App.—Amarillo 1988, writ denied) (op. on reh’g) (indicating that, for estate
co-executor to recover attorney’s fees, Burton and Neblett did not require that
beneficiary agree in advance to dual role of co-executor). 
          For these reasons, we reject Michael’s challenge that allowing Hutchison to
recover attorney’s fees is inconsistent with section 665 of the Probate Code. We
overrule issue four. 
          Michael’s issues one and two incorrectly presume that Hutchison’s fee request
had to comply with the criteria set out in section 665, concerning compensation of
guardians. We already have concluded that section 666, not section 665, governs the
reimbursement of a guardian’s attorney’s fees. Accordingly, we overrule Michael’s
issues one and two. 
          Finally, in issue three, Michael contends that Hutchison could not recover
attorney’s fees without a written appointment as attorney for the guardianship estate. 
Out of an abundance of caution, Hutchison had the trial court sign an order allowing
him to employ himself as attorney for matters concerning the guardianship estate. 
That order was signed on November 1, 2002, after much of Hutchison’s fees had
accrued.
          In support of his position, Michael relies on the following order of the Texas
Supreme Court, entitled “Amended Order Regarding Mandatory Reports of Judicial
Appointments and Fees”:
Section 1.Every appointment made in a . . . probate case . . . by
a regular or assigned judge of any . . . statutory probate court . . . of a
person to a position for which any type of fee may be paid shall be made
by written order.
 
Section 2.Every application or request for the payment of a fee
by such an appointee shall be approved by the court of the judge making
the appointment. This approval shall be accomplished by a separate
written order.
 
. . .

Amended Order Regarding Mandatory Reports of Judicial Appointments
& Fees, 890-91 S.W.2d (Texas Cases) XLVII-XLVIII (Sept. 21, 1994) [hereinafter
“the Supreme Court Order”].
          In this case, section one of the Supreme Court Order requires that Hutchison
be appointed as guardian by written order because the Probate Code requires court
appointment of a guardian. See Tex. Prob. Code Ann. § 601(11) (Vernon 2003)
(“‘Guardian’ means a person who is appointed . . . .”); id. § 602 (“A court may
appoint a guardian . . . .”); id. § 693(a) (“[T]he court may appoint a guardian of the
individual’s person or estate, or both . . . .”). The Probate Code does not require,
however, that the court appoint an attorney to represent the guardian of the estate in
connection with the estate’s management or other guardianship matters. Rather, the
Probate Code allows the guardian to hire an attorney for those purposes and treats any
resulting attorney’s fees as the guardian’s expenses, which are subject to the court’s
written approval for reimbursement. See Tex. Prob. Code Ann. § 666; see also the
Supreme Court Order, § 2 (“Every application or request for the payment of a fee by
such an appointee shall be approved by the court of the judge making the appointment
. . . by a separate written order.”). Moreover, even if section one of the Supreme
Court Order required a separate written order appointing Hutchison as the
guardianship attorney, any error resulting from the trial court’s delay in executing the
written order is harmless because the trial court afforded Michael the opportunity to
contest Hutchison’s fees and Michael did, in fact, contest the trial court’s approval
of Hutchison’s attorney’s fees. See Tex. R. App. P. 44.1.
          We overrule issue three.
 

Conclusion
          We affirm the orders of the trial court.
 

                                                                        Tim Taft
                                                                        Justice

Panel Consists of Justices Taft, Jennings, and Bland.