In re **ESTATE OF Eli DAVIDSON.**

**No. 09–04–212 CV.**

Court of Appeals of Texas, Beaumont.

Submitted Nov. 11, 2004.

Decided Dec. 30, 2004.

James J. Hartnett, Jim J. Hartnett, Jr., R. Kevin Spencer, Melinda J. Hartnett, The Hartnett Law Firm, Dallas, for appellants.

Zack M. Zbranek, Richard G. Baker, Baker & Zbranek, PC, Liberty, for appellee.

Before McKEITHEN, C.J., BURGESS and GAULTNEY, JJ.

## OPINION

DAVID GAULTNEY, Justice.

Appellants appeal from the trial court's denial of a bill of review under the Texas Probate Code. *See* TEX. PROB.CODE ANN. § 31 (Vernon 2003). Eli Davidson died March 2, 2003. Donna Zeller, a niece, sought to probate a January 2001 will that named her as Davidson's sole beneficiary and a February 2001 codicil that named her as executor. The trial court admitted the will to probate and appointed Zeller executor. After Zeller signed the executor's oath, some of Davidson's other nieces and nephews filed a will contest and a statutory bill of review.[1] (1) *See* TEX. PROB. CODE ANN. §§ 31, 93 (Vernon 2003). The trial court denied the bill of review, but did not sever it from the will contest. Contestants appeal the order denying the bill of review.

■ The Probate Code provides procedures for a direct attack on a probate order. *See* TEX. PROB.CODE ANN. §§ 31, 93 (Vernon 2003); *see also Ladehoff v. Ladehoff*, 436 S.W.2d 334, 336–37 (Tex.1968).[2] (2)

1. At the trial court's urging, contestants filed the section 31 bill of review in a separate cause number. Contestants later filed a motion asserting that the same or similar issues were involved in both proceedings, and requesting that the bill of review be consolidated with the section 93 will contest. The trial court consolidated the two proceedings.

2. Under section 10 of the Probate Code, a person interested in an estate may file a written opposition before a will is admitted to probate. *See* TEX. PROB.CODE ANN. § 10 (Vernon 2003); *see also Schindler v. Schindler*, 119 S.W.3d 923, 928 (Tex.App.-Dallas 2003, pet. denied). The proponent of the will has the burden of proof on the requirements to be proved to establish the will. *See* TEX. PROB. CODE ANN. § 88 (Vernon 2003); *see also In re Estate of Flores*, 76 S.W.3d 624, 629 (Tex. App.-Corpus Christi 2002, no pet.). Here contestants could not use section 10 because the will had already been probated before any challenge was raised. This is not an appeal directly from the county court's order admitting the will to probate. *See Cooley v. Williams*, 31 S.W.3d 810 (Tex.App.-Houston [1st Dist.] 2000, no pet.) (Contestant chal-

Sections 31 and 93 are at issue here. The bill of review statute, section 31, allows for correction of error at any stage of the probate proceedings so long as it is filed within two years of the date of the challenged order, decision, or judgment. Section 93 provides for a will contest after the will has been admitted to probate. In a proceeding attacking an order admitting a will to probate, the burden is on the contestant to prove grounds for the contest. *See In re Estate of Graham,* 69 S.W.3d 598, 605 (Tex.App.-Corpus Christi 2001, no pet.) (testamentary capacity); *Evans v. May,* 923 S.W.2d 712, 714–15 (Tex.App.-Houston [1st Dist.] 1996, writ denied) (undue influence).

Section 31 provides as follows:

Any person interested may, by a bill of review filed in the court in which the probate proceedings were had, have any decision, order, or judgment rendered by the court, or by the judge thereof, revised and corrected on showing error therein; but no process or action under such decision, order or judgment shall be stayed except by writ of injunction, and no bill of review shall be filed after two years have elapsed from the date of such decision, order, or judgment.

TEX. PROB.CODE ANN. § 31 (Vernon 2003). Section 93 provides as follows:

After a will has been admitted to probate, any interested person may institute suit in the proper court to contest the validity thereof, within two years after such will shall have been admitted to probate, and not afterward, except that any interested person may institute suit in the proper court to cancel a will for forgery or other fraud within two years after the discovery of such forgery

or fraud, and not afterward. Provided, however, that incapacitated persons shall have two years after the removal of their disabilities within which to institute such contest.

TEX. PROB.CODE ANN. § 93 (Vernon 2003). While both sections authorize a direct attack on an order admitting a will to probate, there is no apparent distinction between the provisions in the context of a post-probate will contest other than Section 93's provisions dealing with forgery or fraud and incapacitated persons.

In their Section 31 pleading, contestants asserted Zeller had not complied with the statutory requirements for probating the will. Specifically, contestants maintained that proper citation was not served and returned as required by the Probate Code, no proof was offered to probate the codicil that appointed Zeller as executor, the order probating the will had to be aside, and the appointment of Zeller was void. In the Section 93 will contest pleading, filed the same day and subject to the bill of review, contestants asserted the order admitting the will to probate should be set aside because of Davidson's alleged lack of testamentary capacity, Zeller's undue influence on Davidson, and Zeller's breach of fiduciary duty. The ultimate issue raised in both the bill of review and the will contest is whether the county court's order admitting the will of Eli Davidson to probate should be set aside. Zeller contends this court has no jurisdiction, because the order denying the bill of review is interlocutory. Specifically she argues the bill of review is but one part of the contest of the will, and there are other pleadings of the same parties raising issues yet undecided. In response, appellants maintain the bill of

lenged application to probate will and appealed from trial court's order admitting will to probate); *In re Estate of Crenshaw,* 982 S.W.2d 568 (Tex.App.-Amarillo, 1998, no pet.) (appeal from appointment of executor). *See*

TEX. PROB.CODE ANN. § 5(g) (Vernon 2003) (all final orders of any court exercising original probate jurisdiction shall be appealable to the courts of appeals). Rather, this is an appeal from an order in a bill of review.

review is a separate and distinct phase of the probate proceedings.

 The Probate Code provides that "[a]ll final orders of any court exercising original probate jurisdiction shall be appealable to the courts of appeals." TEX. PROB.CODE ANN. § 5(g) (Vernon Supp.2005). A probate proceeding consists of a continuing series of events in which the probate court may make decisions at various points in the administration of the estate on which later decisions will be based. *Logan v. McDaniel*, 21 S.W.3d 683, 688 (Tex.App.-Austin 2000, pet. denied). In probate proceedings, the need to review controlling, intermediate decisions, before an error can harm later phases of the proceedings, justifies modifying the one final judgment rule. *Id.* In *Crowson v. Wakeham*, 897 S.W.2d 779, 783 (Tex.1995), the Texas Supreme Court set out the following test for determining whether a probate order is final and appealable:

> If there is an express statute, such as the one for the complete heirship judgment, declaring the phase of the probate proceedings to be final and appealable, that statute controls. Otherwise, if there is a proceeding of which the order in question may logically be considered a part, but one or more pleadings also part of that proceeding raise issues or parties not disposed of, then the probate order is interlocutory. For appellate purposes, it may be made final by a severance order, if it meets the severance criteria[.] ... In setting this standard, we are mindful of our policy to avoid constructions that defeat bona fide attempts to appeal. [citations omitted] A severance order avoids ambiguities regarding whether the matter is appealable. Litigants can and should seek a severance order either with the judgment disposing of one party or group or parties, or seek severance as quickly as practicable after the judgment.

We apply the standard in *Crowson* to determine whether the order here is final.

 A will contest is a direct attack on the order admitting the will to probate and is considered part of the probate proceeding. *See In re Devitt*, 758 S.W.2d 601, 607 (Tex.App.-Amarillo 1988, writ denied) (op. on reh'g). Contestants' two pleadings concern the same phase of the case—both seek vacation of the order admitting the will to probate and appointing Zeller executor. In denying the bill of review, the trial court has refused to set aside the probate only on the grounds asserted in the Section 31 pleadings. Those are some of the issues in the determination of whether to set aside the order admitting the will to probate and remove Zeller as executor. But as appellants said in their motion requesting the probate court to consolidate the proceedings, the "same or similar" issues are involved in both proceedings. The issues overlap. There remain issues asserted in the Section 93 pleadings affecting the probate court's determination. The probate court has not ruled on all issues in this consolidated proceeding and did not enter a severance order. The court may decide to revisit its Section 31 ruling or may decide to set aside the order on a separate ground asserted in the Section 93 pleading. Because there are ongoing proceedings and unresolved issues relevant to the order, we conclude under these circumstances the order does not terminate a discrete phase of the probate proceeding. The trial court's Section 31 ruling here is not final and appealable. The appeal is dismissed for lack of jurisdiction.

DISMISSED FOR WANT OF JURISDICTION.