**Opinion issued August 1, 2024**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-22-00920-CV

———————————

## IN THE ESTATE OF J. HUGH WHEATFALL, Deceased

---

**On Appeal from the County Court at Law
Grimes County, Texas
Trial Court Case No. 8866A**

---

## DISSENTING OPINION

The trial court entered an order on September 16, 2019, admitting the decedent's will to probate, issuing letters testamentary to appellee Theresa DeBose, and denying appellant Isaiah Wheatfall's objections to the will that he made through September 4, 2019. This order expressly declined to rule on Wheatfall's September 5, 2019 will contest, which was pending at the time. Consequently, the September 16 order did not "dispose of all issues" in the will-contest "phase of the proceeding"

for which it was brought. *See De Ayala v. Mackie*, 193 S.W.3d 575, 578 (Tex. 2006). Nor did the September 16 order "state[] with unmistakable clarity that it is a final judgment as to all claims and all parties." *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 192–93 (Tex. 2001). Thus, the September 16 order was not appealable, and Wheatfall timely appealed the trial court's November 2022 dismissal of his September 5 will contest. Because I disagree with the majority's conclusions that the September 16 order was an appealable judgment disposing of Wheatfall's September 5 will challenge and that this Court consequently lacks appellate jurisdiction, I respectfully dissent.

## Analysis

In most cases, there can be only one final and appealable judgment rendered, and a judgment issued in such a case without a conventional trial is final for purposes of appeal "if and only if either it actually disposes of all claims and parties then before the court, regardless of its language, or it states with unmistakable clarity that it is a final judgment as to all claims and all parties." *Id.*

By contrast, a probate proceeding is a type of proceeding in which "multiple judgments final for purposes of appeal can be rendered on certain discrete issues." *De Ayala*, 193 S.W.3d at 578 (quoting *Lehmann*, 39 S.W.3d at 192); *Jack M. Sanders Fam. Ltd. P'ship v. Roger T. Fridholm Revocable, Living Tr.*, 434 S.W.3d 236, 239 (Tex. App.—Houston [1st Dist.] 2014, no pet.). Not every order entered in a probate

2

proceeding, however, is final and appealable. "If there is an express statute, such as the one for the complete heirship judgment, declaring the phase of the probate proceedings to be final and appealable, that statute controls." *De Ayala*, 193 S.W.3d at 578 (quoting *Crowson v. Wakeham*, 897 S.W.2d 779, 783 (Tex. 1995)); *see, e.g.*, TEX. EST. CODE § 202.202(a) ("The judgment in a proceeding to declare heirship is a final judgment."). Absent such a statute, a probate order is final and appealable only if it disposes of all issues in the phase of the proceeding for which it was brought. *De Ayala*, 193 S.W.3d at 578. As the Texas Supreme Court has explained, "if there is a proceeding of which the order in question may logically be considered a part, but one or more pleadings also part of that proceeding raise issues or parties not disposed of, then the probate order is interlocutory." *Id.* (quoting *Crowson*, 897 S.W.2d at 783). The order is interlocutory and thus not appealable if it "does not end a phase of the proceedings, but sets the stage for the resolution of all proceedings." *Id.* at 579.

It is undisputed that no Texas statute expressly states that an order admitting a will to probate is final and appealable. The question then is whether the September 16 order admitting the will to probate ends a distinct phase of the proceeding for good, leaving no issues in the phase unresolved.

Texas appellate courts have recognized that the "will contest phase" is a distinct phase of the probate proceedings. *E.g.*, *In re Est. of Crapps*, No. 04-21-

3

00300-CV, 2023 WL 378673, at *4 (Tex. App.—San Antonio Jan. 25, 2023, no pet.) (mem. op. on reh'g) (citing cases). DeBose argues that the September 16 order is final and appealable because "in situations where a will contest is filed before the will's admission to probate, it follows that once a will is admitted to probate, an executor is appointed, and the devisees are confirmed," the will-contest phase necessarily terminates.

The Estates Code refutes this argument. The admission of a will to probate does not bar an interested party from contesting a will. The Estates Code expressly authorizes an interested party to file a will contest *after* the will has been admitted to probate, as DeBose acknowledges. *See* TEX. EST. CODE § 256.204(a) ("After a will is admitted to probate, an interested person may commence a suit to contest the validity thereof not later than the second anniversary of the date the will was admitted to probate, except that an interested person may commence a suit to cancel a will for forgery or other fraud not later than the second anniversary of the date the forgery or fraud was discovered.").

When a will is admitted to probate before all challenges to a will's validity have been resolved, the result is that the order admitting the will to probate is neither final nor appealable. In a similar case, the San Antonio Court of Appeals recently held that an order admitting a will to probate was not a final and appealable order because that order did not "dispose[] of all the issues raised in [the challenger's] will

contest." *In re Est. of Crapps*, 2023 WL 378673, at *3. The court reasoned that because those unresolved issues were "part of the proceeding to admit [the decedent's] will to probate," the "discrete phase of admitting the will to probate [was] not yet complete." *Id.* This was so even though the challenged order admitted the will to probate, appointed executors, and authorized the issuance of letters testamentary. *Id.* at *1.

In so holding, the court distinguished cases that had been cited for the proposition that "[a]n order determining the validity of a will concludes an essential phase in the administration of an estate." *Id.* at *4 (citing *Kongs v. Harmon*, No. 03-97-00444-CV, 1998 WL 394177, at *2 (Tex. App.—Austin July 16, 1998, pet. denied) (not designated for publication), *Sanders v. Capitol Area Council*, 930 S.W.2d 905, 909 (Tex. App.—Austin 1996, no writ) (op. on reh'g), and *In re Hudson*, 325 S.W.3d 811, 811 (Tex. App.—Dallas 2010, orig. proceeding)). Those cases were "distinguishable on their facts" because "the challenged orders in those cases did not leave related issues unresolved." *Id.*

The San Antonio Court of Appeals is not alone in holding that unresolved issues pertaining to a will's validity preclude an order from becoming final and appealable, even if the order otherwise would have been final. The Beaumont Court of Appeals has held that an order denying a will contestant's bill of review was not final or appealable when another contestant's will contest remained pending. *In re*

5

*Est. of Davidson*, 153 S.W.3d 301, 304 (Tex. App.—Beaumont 2004, pet. denied). The court reasoned that "[a] will contest is a direct attack on the order admitting the will to probate and is considered part of the probate proceeding." *Id.* (citing *In re Est. of Devitt*, 758 S.W.2d 601, 607 (Tex. App.—Amarillo 1988, writ denied) (op. on reh'g)). The contestants' "two pleadings concern[ed] the same phase of the case—both [sought] vacation of the order admitting the will to probate and appointing [an] executor." *Id.* Because of the "ongoing proceedings and unresolved issues relevant to the order," the court concluded that "under these circumstances the order does not terminate a discrete phase of the probate proceeding." *Id.* Similarly, in *In re Estate of McKissick*, the Corpus Christi–Edinburg Court of Appeals held that an order admitting a will to probate was interlocutory where the probate court had not yet determined whether a party's filing of a motion for new trial triggered the application of the will's no-contest clause. No. 13-02-022-CV, 2003 WL 1847072, at *3–4 (Tex. App.—Corpus Christi–Edinburg Apr. 10, 2003, no pet.) (mem. op.).

In this case, the majority's decision that the September 16 order was final and appealable creates a split of authority between this Court and our sister courts. Here, "the record does not show that all of [Wheatfall's] issues that may be considered part of the will contest phase of the proceedings have been disposed of" by the order admitting the will to probate. *See In re Est. of Crapps*, 2023 WL 378673, at *4 (citing

6

*De Ayala*, 193 S.W.3d at 578, and *Crowson*, 897 S.W.2d at 783). Wheatfall's September 5 will contest could "logically be considered a part" of the will-contest phase of proceedings, *see De Ayala*, 193 S.W.3d at 578 (quotation omitted), but the September 16 order overrules "objections to the probate of the will asserted through September 4, 2019." It does not purport to overrule the September 5 objections. Consequently, the order is interlocutory because it "does not end a phase of the proceedings, but sets the stage for the resolution of all proceedings." *See id.* at 579.

DeBose's other arguments for why the trial court could not consider the September 5 will contest after admitting the will to probate fare no better. DeBose emphasizes that the trial court held a hearing on Wheatfall's first will contest in June 2019, but DeBose cites no rule or case law limiting Wheatfall to a single opportunity to contest the will. We may not create such a rule here, where Wheatfall filed his September 5 contest within the statutory period for contesting a will.

DeBose also invokes the Texas Supreme Court's caution that "it is fundamentally important in the administration of justice that some finality be accorded to judgments." *See Valdez v. Hollenbeck*, 465 S.W.3d. 217, 226 (Tex. 2015). But it is axiomatic that we may only accord finality to judgments that are, in fact, final. Under the precedent set out in *De Ayala*, the September 16 order admitting

the will to probate is not final.[1] *See* 193 S.W.3d at 578–79. DeBose further takes issue with the relief that Wheatfall requested in his September 5 will contest, arguing that he should have requested the "Will Copy's Admission to Probate to be set aside." DeBose ignores that when Wheatfall made his will contest on September 5, the will had not yet been admitted to probate. There was no admission to set aside.

Finally, the September 16 order did not contain language of finality indicating that the probate court intended that the order be final and appealable. A trial court's intent concerning the finality of its orders is relevant to whether the orders are final and appealable. *See id.* at 578 (stating that "ambiguities about whether the order was intended to be final and appealable" can exist, and severance orders can eliminate such ambiguities). However, the "intent to finally dispose of the case must be unequivocally expressed in the words of the order itself." *Lehmann*, 39 S.W.3d at 200. "A statement like, 'This judgment finally disposes of all parties and all claims and is appealable,' would leave no doubt about the court's intention." *Id.* at 206. Here, the September 16 order did not contain any language stating that the order was final or appealable.

---

[1] Further, Wheatfall did not abandon his September 5 will contest. As DeBose acknowledges, the record shows that Wheatfall requested status conferences and potential trial settings on his September 5 will contest multiple times throughout 2021 and 2022.

8

Because "determining whether an otherwise interlocutory probate order is final enough to qualify for appeal[] has proved difficult," the Texas Supreme Court has repeatedly "urged parties to seek severance orders to eliminate ambiguities about whether the order was intended to be final and appealable." *De Ayala*, 193 S.W.3d at 578; *see also Crowson*, 897 S.W.2d at 783 ("A severance order avoids ambiguities regarding whether the matter is appealable. Litigants can and should seek a severance order either with the judgment disposing of one party or group [of] parties, or seek severance as quickly as practicable after the judgment."). If the parties intended that the September 16 order be final and appealable, they should have requested that the trial court sever the issues regarding the order into a new lawsuit to "eliminate ambiguities" concerning the finality of the September 16 order. *See De Ayala*, 193 S.W.3d at 578.

For these reasons, I would hold that the September 16 order was not final or appealable. Consequently, there was no final judgment with respect to the will-contest phase until the trial court issued its November 3, 2022 dismissal order, which stated that DeBose's "objection to the hearing of the Will Contest filed by Isaiah Wheatfall is hereby GRANTED and the will contest of Isaiah Wheatfall is hereby dismissed." Wheatfall timely appealed from that order. Because the trial court erred by entering the November 3 order without giving Wheatfall the opportunity to present witnesses and evidence as required by Estates Code section 55.001, *see* TEX.

EST. CODE § 55.001, I would reverse the November 3 order and remand to the trial court for further proceedings. I respectfully dissent.

                                         April L. Farris
                                         Justice

Panel consists of Justices Goodman, Countiss, and Farris.

Justice Farris, dissenting.