**Reversed and Rendered and Opinion Filed October 28, 2024**



**In the**
# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-23-00087-CV

### IN RE ESTATE OF HATTIE B. JOHNSON, DECEASED

**On Appeal from the Probate Court No. 1**
**Dallas County, Texas**
**Trial Court Cause No. PR-20-02860-1**

## MEMORANDUM OPINION

Before Justices Reichek, Nowell, and Carlyle
Opinion by Justice Carlyle

Appellants A Better Place, LLC and Rosemarie Samuels appeal the trial court's judgment setting aside probate of Hattie Johnson's May 24, 2018 will, removing Ms. Samuels as independent administrator, and voiding the sale of an estate asset by Samuels to A Better Place. We reverse in this memorandum opinion. *See* TEX. R. APP. P. 47.4.

On November 4, 2020, the court, via an associate judge, heard an application to admit to probate Hattie Johnson's May 24, 2018 will dividing her property between her daughter Ms. Samuels and son Edward Johnson. After hearing testimony from a witness to the will, Martha Brown, and the proposed independent

administrator, Ms. Samuels, the associate judge and district judge signed an "Order Admitting an Unbonded Court Created Independent Administration with Will Annexed." That order contained the findings and conclusions sufficiently supporting admitting the will to probate. Mr. Johnson had previously filed a "308 Waiver and 401 Agreement to a Court Created Independent Administration," in which he waived "notice of service and objections in this matter" and agreed Ms. Samuels should be the independent administrator.

The live pleading in this will contest is a March 2022 amended contest pleading filed on behalf of Allen Wade Johnson and Allen Wade Ford in which they allege Ms. Johnson did not sign the May 24, 2018 will and that an April 12, 2018 holographic will expressed her testamentary intent. The April 12, 2018 purported will is not witnessed and the court made a finding that the "Contestants conceded at trial that the [April 12, 2018] Will is not valid." *See* TEX. ESTATES CODE § 251.051.[1]

The parties tried the will contest to the court and the court made findings of fact and conclusions of law. No party challenges many of these findings, making them binding. *See Airpro Mobile Air, LLC v. Prosperity Bank*, 631 S.W.3d 346, 350 (Tex. App.—Dallas 2020, pet. denied). Those findings establish that:

- Hattie Johnson died on August 20, 2020 in Dallas County;

---

[1] Allen Wade Ford is not a party to this appeal because, as the son to a living descendant of Ms. Johnson's, his only claim would have been as a named beneficiary, which he was in only the unexecuted April 12, 2018 will. *See* TEX. ESTATES CODE § 201.001(b) (rules of intestate succession). Thus, only Allen Wade Johnson remains as an appellee.

- Rosemarie Samuels filed an application for a court-created independent administration with will annexed and filed a purported will of Hattie Johnson dated May 24, 2018;

- Edward Johnson, decedent's son, signed a waiver concerning the May 24, 2018 will pursuant to Texas Estates Code section 308 and an agreement under Texas Estates Code section 401;

- Samuels was appointed independent administrator;

- the trial court entered an order of probate on November 4, 2020; and

- on March 23, 2021, Edward Johnson and three other interested parties filed an "Objection to [Samuels's] Appointment and Will Challenge."

**Texas Rule of Appellate Procedure 38.1(g) when appellee fails to file a brief**

We confront one procedural hurdle before proceeding to the issues: appellee's failure to file a brief. "In a civil case, the court will accept as true the facts stated unless another party contradicts them. The statement must be supported by record references." TEX. R. APP. P. 38.1(g). We cannot construe the rule to mean that an appellee's failure to file a brief in a civil case concedes all issues. *See Dillard's, Inc. v. Newman*, 299 S.W.3d 144, 147 (Tex. App.—Amarillo 2008, pet. denied). To the same point, we cannot blindly accept an appellant's statement of facts as conclusive and complete on all matters raised in briefing. *Id.* To do either would be to abandon the neutral role the appellate courts must embody.

This court's precedent instructs that in this situation, we "conduct an independent analysis of appellant's claims of error, limited to the arguments appellant raises, to determine if the trial court erred." *Sarno v. Marsaw & Assocs.*

*PC*, 05-10-01146-CV, 2012 WL 1154478, at *1 n.2 (Tex. App.—Dallas Apr. 5, 2012, no pet.) (mem. op.) (citing *Dillard's, Inc.*, 299 S.W.3d at 147; *Burns v. Rochon*, 190 S.W.3d 263, 267 n.1 (Tex. App.—Houston [1st Dist.] 2006, no pet.)). In undertaking this independent analysis, we may review the record as needed to evaluate the viability of appellants' arguments, such as appellant's sufficiency claim. That includes considering the context in which statements in appellant's brief we must take as true, considering whether we are barred by law or rule from considering those statements, whether the evidence—even taken as true—is no more than a scintilla, and other such considerations as a sufficiency analysis may entail. *See City of Keller v. Wilson*, 168 S.W.3d 802, 810–16, 827 (Tex. 2005). But we are careful not to depart from our roles as impartial jurists and become advocates for the appellee, who must raise his own arguments. *See* TEX. CODE JUD. CONDUCT, Canons 1, 3, *reprinted in* TEX. GOV'T CODE ANN., tit. 2, subtit. G, app. C; TEX. R. APP. P. 38.1(f), 38.2(a)(1).

**The evidence is legally insufficient to support granting the will contest**

Appellants contend the trial court erred when it failed to exclude Edward Johnson's testimony and that the order setting aside admission to probate of Ms. Johnson's will is not supported by sufficient evidence. Appellants do not specify whether they challenge the evidence on legal or factual sufficiency grounds. Construing the briefing liberally, we treat their sufficiency complaint as a challenge to both the legal and factual sufficiency of the evidence but only discuss the legal

–4–

sufficiency challenge because it is conclusive here. *See Harun v. Rashid*, No. 05-16-00584-CV, 2018 WL 329292, at \*2 (Tex. App.—Dallas Jan. 9, 2018, no pet.) (mem. op).

We review the trial court's evidentiary rulings concerning Johnson's testimony under an abuse of discretion standard. *See U-Haul Int'l, Inc. v. Waldrip*, 380 S.W.3d 118, 132 (Tex. 2012). A trial court abuses its discretion when it acts without regard for guiding rules or principles. *Id.* An appellate court must uphold the trial court's evidentiary ruling if there is any legitimate basis for the ruling. *Owens-Corning Fiberglas Corp. v. Malone*, 972 S.W.2d 35, 43 (Tex. 1998).

Appellants first argue the trial court could not consider Edward Johnson's testimony based on the doctrine of judicial estoppel. "Judicial estoppel bars a party from successfully maintaining a position in one action and then maintaining an inconsistent position in a subsequent action." *Bailey-Mason v. Mason*, 334 S.W.3d 39, 43 (Tex. App.—Dallas 2008, pet. denied). However, a "will contest and the probate of the will are two parts of the same proceeding, and . . . inconsistent positions within that proceeding cannot be barred by the doctrine of judicial estoppel." *In re Estate of Devitt*, 758 S.W.2d 601, 604 (Tex. App.—Amarillo 1988, writ denied) (op. on reh'g); *accord In re Estate of Davidson*, 153 S.W.3d 301, 304 (Tex. App.—Beaumont 2004, pet. denied). Judicial estoppel is inapplicable.

Appellants also argue the trial court abused its discretion when it did not exclude Johnson's testimony because his waiver and agreement constituted a quasi-

admission that we should treat as a judicial admission, citing *Rivas v. Pitts*, 684 S.W.3d 849, 860 (Tex. App.—Dallas 2023, pet. granted). *See Fleming v. Wilson*, 610 S.W.3d 18, 21 (Tex. 2020) (per curiam). A judicial admission is a formal waiver of proof that dispenses with the production of evidence on an issue. *Yost v. Jered Custom Homes*, 399 S.W.3d 653, 663 (Tex. App.—Dallas 2013, no pet.). The fact-finder must take it as true and a party may not introduce evidence to contradict it so long as the statement stands unretracted. *See Lee v. Lee*, 43 S.W.3d 636, 641 (Tex. App.—Fort Worth 2001, no pet.) (citation omitted). We need not decide whether by his waiver and agreement Johnson judicially admitted that the May 24, 2018 will was valid because he later retracted it when he filed his objections, nullifying any treatment as a judicial admission. *See id.* Thus, the trial court did not abuse its discretion when it permitted Johnson to testify.

We turn to the sufficiency challenge. In conducting a legal sufficiency review, we "credit favorable evidence if reasonable jurors could, and disregard contrary evidence unless reasonable jurors could not." *City of Keller*, 168 S.W.3d at 827. We consider the evidence "in the light most favorable to the verdict, and indulge every reasonable inference that would support it," and we must credit any evidence that "allows of only one inference." *Id.* at 822 (citations omitted). The fact-finder is the "sole judge" of witness credibility, decides the weight to give witness testimony, and resolves evidentiary conflicts. We are mindful that we cannot substitute our

judgment for the fact-finder's. *G.M. Houser, Inc. v. Rodgers*, 204 S.W.3d 836, 841 (Tex. App.—Dallas 2006, no pet.); *City of Keller*, 168 S.W.3d at 819–21.

We may sustain a legal sufficiency, or no-evidence, point when: (1) the record discloses a complete absence of a vital fact; (2) the court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact; (3) the evidence offered to prove a vital fact is no more than a mere scintilla; or (4) the evidence establishes conclusively the opposite of the vital fact. *See Uniroyal Goodrich Tire Co. v. Martinez*, 977 S.W.2d 328, 334 (Tex. 1998). More than a mere scintilla of evidence exists if the evidence rises to a level that would enable reasonable and fair-minded people to differ in their conclusions. *City of Keller*, 168 S.W.3d at 822. The record contains less than a scintilla when the evidence offered to prove a vital fact's existence is "so weak as to do no more than create a mere surmise or suspicion." *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 751 (Tex. 2003).

The Estates Code requires that a will be (1) in writing, (2) signed by the testator, and (3) attested by two or more credible witnesses who are at least 14 years of age and who subscribe their names to the will in their own handwriting in the testator's presence. TEX. ESTATES CODE § 251.051. At the original hearing on the application to probate the will, the court heard evidence from Martha Brown, a witness to the will, and from Ms. Samuels, which was sufficient to satisfy these required elements. Edward Johnson did not testify, in line with his "308 Waiver and

–7–

401 Agreement to a Court Created Independent Administration," in which he waived "notice of service and objections in this matter" and agreed Ms. Samuels should be the independent administrator. The court entered an order making the required findings and admitting the will to probate.

In its will contest findings of fact, the court found that "No admissible evidence was presented to establish that the May 24, 2018 Will was executed in the presence of Martha Brown and Mary Pierce, the two purported attesting witnesses." The court erred by shifting the burden from the will contestants to the original will proponents. *See Estate of Bedell*, No. 04-14-00564-CV, 2016 WL 416374, at \*1 (Tex. App.—San Antonio Feb. 3, 2016, pet. denied) (mem. op.) (citing cases). A court considering a will contest may not—as the court's findings indicate it did here—require that will formalities be re-proven as a pre-condition to denying a will contest.[2] That said, evidence of that nature may be probative, helpful, and sufficient to support denying a will challenge.

At the hearing on the will contest, Mr. Johnson testified that he was the decedent's son, that he had dealt with his mother's affairs for over 40 years, that he had managed his mother's affairs for 22 years, that he had his mother's driver's license with her signature on it, that he had witnessed his mother sign documents

---

[2] Indeed, counsel for Ms. Samuels discussed the issue with the court before the contest hearing, drawing the court's attention to the transcript of the original probate hearing, which was pre-admitted in evidence, and the court's prior order admitting the will to probate, and concluding, "I don't feel a need to present any additional evidence and am willing to rest on that."

throughout his lifetime, that he was familiar with her signature, and that the signature on the May 24, 2018 will was not his mother's. Though Ms. Brown testified on direct examination, she was unavailable for cross-examination due to a medical issue, and the court struck her testimony. No party now challenges that decision.

Edward Johnson further testified at the contest hearing that his sister, Ms. Samuels, stayed with him for 8 to 10 days after their mother passed. He said on direct examination that Ms. Samuels showed him the will during that time, agreed that he "reviewed the May 24, 2018 will," and agreed that he "thought it was valid" at that time. Mr. Johnson also testified that, during the time Ms. Samuels was staying with him after their mother's death, he drove her to a parking lot where he said he saw her present a paper that Martha Brown and Mary Pierce signed and that Ms. Samuels kept in a manila folder. He variously claimed it was the signature page for witnesses to the May 24, 2018 will that the court admitted to probate and that he wasn't sure what it was. Mr. Johnson also testified he found some form of a will document on a file in his computer that he claimed resembled what he thought Ms. Samuels had Brown and Pierce sign, but testified he found it on his computer in "late August 2020," around the time Ms. Samuels stayed with him.[3]

---

[3] Though both parties examined Mr. Johnson about this document with the basic result from that testimony being that the document was different in multiple ways from the May 24, 2018 will, it does not appear to have been admitted in evidence, nor does it appear in the appellate record.

The contestants sought to use this testimony to support a claim that Ms. Samuels created the document while she stayed with Mr. Johnson after their mother's death and that it was the document Ms. Samuels presented to Brown and Pierce to sign in the parking lot. The contestants relied on other testimony that Ms. Brown, who had lived at Ms. Johnson's house, moved to a new address after Ms. Johnson's death but that she listed that new address on the May 24, 2018 will witness line. Mr. Johnson also stated that it was an email Ms. Samuels "sent to the Probate attorney that changed my mind about everything," but this bald allegation receives no further explanation. From this evidence, the contestants asked the court to infer that the document Ms. Samuels presented to Ms. Brown and Ms. Pierce was the witness page to the May 24, 2018 will that the court admitted to probate, and that it was created and executed after Ms. Johnson's death. This is too attenuated a path of inferences to be reasonable because it is a collection of surmise and suspicion requiring guesses to fill the gaps, not inferences based on fact. *See Service Corp. Intern. v. Guerra*, 348 S.W.3d 221, 228, 229 (Tex. 2011).

Moreover, Mr. Johnson had filed the "308 Waiver and 401 Agreement" in court October 8, 2020, after all these events occurred and after he possessed all the information he relied on at the contest trial to attempt to retract his waiver. In that waiver, he made affirmative representations that his mother "left a valid written Will ("Will") dated May 24, 2018," and that he "acknowledge[d] that [he] ha[d] received a copy of said Will. Such Will was never revoked." He represented that he was "a

–10–

named beneficiary in the Will" and that he had "received a copy of the documents previously filed in this matter, including a copy of the Will," and that "each statement contained therein is true and correct." This includes the application to admit the May 24, 2018 will to probate and representations made therein.[4]

Mr. Johnson's current testimony that the handwriting on the May 24, 2018 will was not his mother's handwriting is troubling, but this record provides for but one conclusion: no evidence in the will contest provides a legally sufficient basis to undo the original probate proceedings. Mr. Johnson admitted knowing all the facts he sought to use to retract his waiver before he signed and filed the waiver in early October 2020. For that reason, the contest evidence does nothing more than raise surmise or suspicion, particularly in light of Ms. Brown's original testimony that Ms. Johnson signed the will before her and Ms. Pierce. *See King Ranch, Inc.*, 118 S.W.3d at 751 (evidence is no more than a scintilla when it raises only surmise or suspicion); *City of Keller*, 168 S.W.3d at 813–14, 821 (when only meager circumstantial evidence suggests what happened, fact-finder must consider not just favorable but all circumstantial evidence and competing inferences; fact-finder may not simply speculate that a particular inference arises from the evidence).

---

[4] Mr. Johnson's testimony admitting to reviewing the May 24, 2018 will in the days after his mother's death completely undercuts the trial court's finding that he "failed to read and did not understand" the 308 Waiver and 401 Agreement. Whether he understood that document or not, his only challenge now is that his mother's signature does not appear on the May 24, 2018 will.

Therefore, because we conclude the evidence before the trial court at the contest hearing was legally insufficient to support setting aside probate of the May 24, 2018 will, we reverse and render judgment that:

(1) The will contest is denied and the November 4, 2020 Order of Probate is valid;

(2) Ms. Samuels remains independent administrator; and

(3) The transactions regarding Hattie Johnson's estate, including, but not limited to, the sale of 3703 Magdeline Street, Dallas, Texas 75212, are valid and not void. *See* TEX. ESTATES CODE §§ 307.001, 402.053.[5]

230087f.p05

/Cory L. Carlyle//
CORY L. CARLYLE
JUSTICE

---

[5] Our resolution pretermits discussion of appellants' remaining issues, which are moot in light of our conclusion.



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

IN RE ESTATE OF HATTIE B.
JOHNSON, DECEASED

No. 05-23-00087-CV

On Appeal from the Probate Court
No. 1, Dallas County, Texas
Trial Court Cause No. PR-20-02860-1.
Opinion delivered by Justice Carlyle.
Justices Reichek and Nowell
participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **REVERSED** and judgment is **RENDERED** that:

(1) The will contest is denied and the November 4, 2020 Order of Probate is valid;

(2) Ms. Samuels remains independent administrator; and

(3) The transactions regarding Hattie Johnson's estate, including, but not limited to, the sale of 3703 Magdeline Street, Dallas, Texas 75212, are valid and not void.

It is **ORDERED** that appellants A Better Place, LLC and Rosemarie Samuels recover their costs of this appeal from appellee Allen Wade Johnson.

Judgment entered this 28th day of October, 2024.